# EXHIBIT A

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| BRENDA STOOTS EWING, on behalf of herself and all others similarly situated, | ) ) ) | No. C08-0797 RAJ |
| Plaintiff, | ) ) | **CLASS ACTION SETTLEMENT AGREEMENT** |
| v. | ) ) | |
| ADMINISTRATIVE SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

SETTLEMENT AGREEMENT
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

# TABLE OF CONTENTS

Page

I.      THE LITIGATION........................................................................................1

II.     SETTLEMENT DISCUSSIONS....................................................................2

III.    CLAIMS OF THE PLAINTIFF AND BENEFITS OF THE SETTLEMENT ..................3

IV.     ASI'S DENIAL OF FAULT, WRONGDOING AND LIABILITY .....................................3

V.      TERMS OF SETTLEMENT ........................................................................4

        1.      Definitions ................................................................................4

        2.      Benefits To Settlement Class Members..............................................11

        3.      Class Certification ..........................................................................16

        4.      Preliminary Approval Order. ...........................................................16

        5.      Opt-Out Procedures .......................................................................16

        6.      Objection Procedures......................................................................17

        7.      Releases ......................................................................................18

        8.      Attorney Fees, Costs, and Expenses, and Plaintiff Awards..................19

        9.      Administration of Benefit Claims......................................................20

        10.     Conditions of Settlement, Effect of Disapproval, Cancellation or
                Termination. ...............................................................................21

        11.     Miscellaneous Provisions ...............................................................22

SETTLEMENT AGREEMENT - i
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

This Settlement Agreement, dated as of November __, 2008 (the "Settlement Agreement"), is made and entered into by and among the Settling Parties: (i) Brenda Stoots Ewing ("Plaintiff"), individually and on behalf of the Settlement Class, by and through Anthony D. Shapiro and Thomas E. Loeser of Hagens Berman Sobol Shapiro LLP, Christopher L. Brown, and J. Mitchell Clark (collectively, "Class Counsel"); and (ii) Administrative Systems, Inc. ("ASI") for the benefit of itself and the Related Entities, by and through ASI's counsel of record, Tim J. Filer and Christopher G. Emch, Foster Pepper PLLC. The Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the following terms and conditions.[1]

## I.   THE LITIGATION

ASI is a licensed third party administrator that provides certain administrative services on behalf of its clients, which include insurance companies and other financial services companies. These services often include processing employee applications for insurance coverage, issuing of insurance plans and employee certificates, managing premium billing and collection for insurance plans, responding to customer service requests and other record-keeping functions.

In February 2008, ASI engaged a vendor to update the last known addresses and to send a written notice by first class mail to affected individuals (the "Pre-Litigation Notice") that a desktop computer belonging to ASI, the hard drive of which contained certain personal information about these individuals, had been stolen on or about December 27, 2007 (the "ASI Data Breach"). ASI also established a website concerning the ASI Data Breach and established a dedicated call center to provide information and assistance to the affected individuals. ASI, with certain of its clients, also mailed in February and March 2008 to some of the affected individuals supplemental notices advising them of the availability of one year of free Credit Monitoring

---

[1] Except as otherwise defined, capitalized terms used in this Settlement Agreement have the meanings specified in Section V.1, "Definitions."

SETTLEMENT AGREEMENT - 1
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1    Services available at ASI's expense (the "Pre-Litigation Offer"). The Pre-Litigation Offer was

2    also posted on the website that ASI established.

3         The information on the stolen computer included personal information about the affected

4    individuals, including names, date of births, addresses and social security numbers, and in some

5    cases, bank account numbers and/or medical history information (the "Class Information"). The

6    Class Information did not include driver's license numbers or credit card information.

7         In May 2008, Plaintiff filed a Class Action Complaint in the United States District Court

8    for the Western District of Washington, which is currently pending under Case No. 08-0797RAJ

9    (the "Action"), asserting claims against ASI in relation to the ASI Data Breach. Plaintiff

10   asserted claims under the Fair Credit Reporting Act and common law negligence theories.

11   Plaintiff also sought restitution and injunctive relief. The Action is a putative nationwide class

12   action on behalf of Plaintiff and all other individuals about whom Class Information was

13   contained on the stolen computer.

14   **II.    SETTLEMENT DISCUSSIONS**

15        The parties engaged in lengthy and detailed settlement discussions that included the

16   exchange of information concerning the investigation into the theft of ASI's computer, the

17   content of the Class Information, the response of affected individuals to the Pre-Litigation Notice

18   and the Pre-Litigation Offer, and Class Counsel's investigation of the facts giving rise to the

19   allegations made in the Action. On two separate occasions, the Settling Parties stipulated, and

20   the Court ordered, continuances of the scheduling deadlines in the Action to facilitate the

21   settlement discussions. On October 27, 2008, the parties reached a settlement in principle. They

22   subsequently negotiated and signed a Memorandum of Understanding dated November 7, 2008,

23   which called for the parties to enter into a definitive settlement agreement. This Settlement

24   Agreement implements the terms of that Memorandum of Understanding.

25

26

SETTLEMENT AGREEMENT - 2
Case No. C08-0797 RAJ

Subject to the terms and conditions specified below, the Settlement Agreement resolves all Claims, actions and proceedings that are or could be asserted or instituted against ASI and the Related Entities arising out of or related to the ASI Data Breach by or on behalf of members of the Settlement Class, including this action and any other such actions by or on behalf of members of the Settlement Class, but excluding the rights of Settlement Class Members who opt out of the settlement.

III.   **CLAIMS OF THE PLAINTIFF AND BENEFITS OF THE SETTLEMENT**

Plaintiff believes that the claims asserted in the Action have merit.  Plaintiff and Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against ASI through motion practice, trial, and potential appeals.  Class Counsel, in consultation with Plaintiff, also has taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation.  Class Counsel is also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action and has communicated these matters to Plaintiff.  Class Counsel believes that the settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class.  Plaintiff and Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

IV.   **ASI'S DENIAL OF FAULT, WRONGDOING AND LIABILITY**

ASI denies each and every claim and contention alleged against it in the Action except to the extent expressly affirmed in Section I of this Settlement Agreement, and denies all charges of wrongdoing, fault or liability alleged against it.   Nonetheless, ASI and its counsel have concluded that further continuation of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.   ASI has also taken into account the

SETTLEMENT AGREEMENT - 3
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1   uncertainty and risks inherent in any litigation, including in putative class action cases such as

2   the Action.  ASI has, therefore, determined that it is desirable that the Action be settled in the

3   manner and upon the terms and conditions set forth in this Settlement Agreement.

4   **V.      TERMS OF SETTLEMENT**

5          Plaintiff, individually and on behalf of the Settlement Class, by and through Class

6   Counsel, and ASI, through its counsel, agree that, subject to the approval of the Court, the Action

7   and the Released Claims shall be finally and fully compromised, settled, and released, and the

8   Action and the Released Claims shall be dismissed with prejudice, on the terms and conditions of

9   this Settlement Agreement, as follows.

10         **1.      Definitions**

11         As used in the Settlement Agreement, the following terms have the meanings specified

12   below and as expressly defined in the Settlement Agreement:

13              **1.1**    "Action" has the meaning set forth in Section I of this Settlement

14   Agreement.

15              **1.2**    "Alternative Credit Monitoring" means a commercial service substantially

16   similar to Credit Monitoring, but not provided under the Pre-Litigation Offer, for monitoring a

17   Settlement Class Member's credit ratings and credit record on behalf of the Settlement Class

18   Member, if purchased by a Settlement Class Member within sixty days after the date on which

19   the Pre-Litigation Notice was mailed.

20              **1.3**    "ASI Data Breach" has the meaning set forth in Section I of this

21   Settlement Agreement.

22              **1.4**    "Augmented Monitoring Benefit" means the benefit to eligible Settlement

23   Class Members of two (2) years of Credit Monitoring, as provided under this Settlement

24   Agreement.

25

26

SETTLEMENT AGREEMENT - 4
Case No. C08-0797 RAJ

**1.5** "Augmented Monitoring Claim" means a Benefit Claim for an Augmented Monitoring Benefit.

**1.6** "Basic Monitoring Benefit" means the benefit to eligible Settlement Class Members as set forth in Paragraph 2.2.

**1.7** "Basic Monitoring Claim" means a Benefit Claim for a Basic Monitoring Benefit.

**1.8** "Basic Monitoring Subclass" means those Settlement Class Members to whom ASI did not send a Pre-Litigation Offer.

**1.9** "Benefit Claim" means a valid and timely submission by a Settlement Class Member of a request for a benefit provided under the terms and conditions of this Settlement Agreement.

**1.10** "Claim Supplementation" means such additional information, documentation, and consents as the Claims Administrator may reasonably require after submission of a Benefit Claim.

**1.11** "Claims Administration" means the services of (1) providing Notice and accompanying documents to potential Settlement Class Members, and (2) processing Proofs of Claim received from the Settlement Class Members.

**1.12** "Claims Administrator" means Tilghman & Co. or such other vendor to provide Claims Administration as may be selected by ASI.

**1.13** "Class Counsel" has the meaning set forth in Section I of this Settlement Agreement.

**1.14** "Class Information" has the meaning assigned in Section I of this Settlement Agreement.

**1.15** "Costs of Claims Administration" means the fees and expenses of, and all actual costs associated with, the Claims Administrator that arise from Claims Administration.

SETTLEMENT AGREEMENT - 5
Case No. C08-0797 RAJ

1        **1.16**   "Court" means the United States District Court for the Western District of

2    Washington.

3        **1.17**   "Credit Monitoring" means the Trilegiant Corporation "PrivacyGuard<sup>SM</sup>"

4    service or substantially equivalent service offered under this Settlement Agreement.

5        **1.18**   "Effective Date" means the first date by which all of the following events

6    and conditions have occurred and have been met: entry of Preliminary Approval Order; failure of

7    ASI to exercise its rights, if any, to terminate the settlement; entry of Judgment; and the

8    Judgment has become Final.

9        **1.19**   "Final" in reference to the Judgment means that all the following events

10    and conditions have occurred and have been met:  (i) the settlement pursuant to this Settlement

11    Agreement is approved by the Court at or after the Final Fairness Hearing; (ii) the Court has

12    entered a Judgment; (iii) the time to appeal or seek permission to appeal from the Judgment has

13    expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been

14    affirmed in its entirety by the court of last resort to which such appeal may be taken, and such

15    dismissal or affirmance has become no longer subject to further appeal or review.

16        **1.20**   "Final Fairness Hearing" means the hearing at which the Court will

17    consider whether to give final approval to the terms of the Settlement Agreement, including

18    consideration of any timely filed objections, and to render Judgment, and will consider Class

19    Counsel's application for an award of attorney fees and costs.

20        **1.21**   "Identity Theft Claim" means a Benefit Claim for Identity Theft

21    Reimbursement.

22        **1.22**   "Identity Theft Reimbursement" means the benefit to eligible Settlement

23    Class Members of reimbursement, as provided under this Settlement Agreement, for any actual

24    and unreimbursed out-of-pocket loss, other than expenditure of time, that: (a) results from

25

26

SETTLEMENT AGREEMENT - 6
Case No. C08-0797 RAJ

identity theft caused by the ASI Data Breach, and (b) was proximately caused by charges that were not initiated with the Settlement Class Member's authorization.

**1.23** "Judgment" means a final approval order and judgment rendered by the Court (i) in the form attached hereto as Exhibit E, or (ii) a judgment substantially in the form of Exhibit E as to terms and cost, and that is agreeable to each Settling Party.

**1.24** "Memorandum of Understanding" means the Memorandum of Understanding between counsel for the Settling Parties dated November 7, 2008.

**1.25** "Net Settlement Fund" means the portion of the Settlement Fund, allocated for payment of benefits to Settlement Class Members as provided in this Settlement Agreement, remaining after payment of (a) Costs of Claims Administration, and (b) such litigation costs including reasonable attorney's fees as the Court awards to Class Counsel.

**1.26** "National Credit Reporting Agencies" means Equifax Credit Information Services, Inc., Experian, and TransUnion LLC.

**1.27** "Notice" means the notice that will, if approved by the Court, be provided by the Claims Administrator to potential Settlement Class Members, in the form attached to this Settlement Agreement as Exhibit B.

**1.28** "Notice And Administration Reserve" means an initial reserve of $400,000 allocated from the Settlement Fund to pay Costs of Claims Administration.

**1.29** "Notice Date" means the date on which the Claims Administrator completes mailing the Notice to the potential Settlement Class Members.

**1.30** "Opt-Out Date" means the latest date by which potential members of the Settlement Class must mail their Opt-Out Requests for the request to be effective, which date shall be set by the Court in the Preliminary Approval Order. The postmark date shall be the date of mailing for this purpose.

SETTLEMENT AGREEMENT - 7
Case No. C08-0797 RAJ

50951246.3

1       **1.31**   "Opt-Out Request" means the form attached to this Settlement Agreement

2  as Exhibit D which must be properly completed and returned by a potential member of the

3  Settlement Class by the Opt-Out Date in order to request exclusion from the Settlement Class.

4       **1.32**   "Opt-Outs" means Persons who submit and do not rescind timely and

5  properly completed Opt-Out Requests.

6       **1.33**   "Person" means an individual, corporation, partnership, limited

7  partnership, limited liability company or partnership, association, joint stock company, estate,

8  legal representative, trust, unincorporated association, any other business or legal entity, and

9  their respective spouses, heirs, predecessors, successors, representatives, subrogees, trustees,

10  receivers, or assignees.

11       **1.34**   "Plaintiff" means Brenda Stoots Ewing individually and in her capacity as

12  the proposed representative of the Settlement Class.

13       **1.35**   "Preliminary Approval Order" means the Court's order substantially in the

14  form attached to this Settlement Agreement as Exhibit A that, among other things,

15            •   preliminarily approves the terms of this Settlement Agreement;

16            •   approves the form of the Notice and the plan for notifying the Persons

17  who are potential Settlement Class Members of the terms of the Settlement Agreement;

18            •   sets a deadline for mailing the Notice, which shall not be sooner than 30

19  days after the Court enters the Preliminary Approval Order;

20            •   sets a deadline for Settlement Class Members to return Opt Out Requests,

21  Proofs of Claim and objections to the settlement; and;

22            •   sets a date for the Final Fairness Hearing, which shall not be sooner than

23  90 days after the Notice Date.

24       **1.36**   "Pre-Litigation Notice" has the meaning assigned in Section I of this

25  Settlement Agreement.

26

SETTLEMENT AGREEMENT - 8
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1    **1.37** "Pre-Litigation Offer" has the meaning set forth in Section I of this

2    Settlement Agreement.

3    **1.38** "Proof of Claim" means the form, attached to this Settlement Agreement

4    as Exhibit C, which a Settlement Class Member must properly complete and timely submit,

5    along with any documentation required as provided in this Settlement Agreement, to assert a

6    Benefit Claim.

7    **1.39** "Related Entities" means any of ASI's past or present directors, officers,

8    owners, managers, employees, shareholders, principals, agents, representatives, customers,

9    clients, brokers, attorneys, insurers, predecessors, successors, parents, subsidiaries, divisions and

10   affiliates.

11   **1.40** "Released Claims" means any and all claims, actions, allegations,

12   demands, rights, liabilities, and causes of action of every nature and description whatsoever,

13   whether contingent or non-contingent, and whether at law or equity; including, without

14   limitation, under or based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Gramm-

15   Leach-Bliley Act 15 U.S.C. § 6801 et seq., the Health Insurance Portability and Accountability

16   Act, 42 U.S.C. § 1301 et seq., the California Business & Professional Code § 17200 et seq.,

17   California Civil Code § 1798.80—84 et seq., California Civil Code § 1798.53, RCW 19.86.010

18   et seq., personal information protection statutes, notification statutes, third-party administrator

19   statutes, or any similar federal, state or local statute, ordinance, or regulation, or in negligence,

20   negligence per se, breach of contract, breach of fiduciary duty, breach of confidence, invasion of

21   privacy, misrepresentation, unjust enrichment, bailment, or similar cause; and including, but not

22   limited to, any and all claims for damages, injunctive relief, disgorgement, constructive trust,

23   declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit

24   monitoring services, the creation of a fund for future damages, statutory damages, punitive

25   damages, special damages, exemplary damages, restitution and any other form of relief; that

26

SETTLEMENT AGREEMENT - 9
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1    either have been asserted or could have been asserted by any Settlement Class Member against

2    ASI or the Related Entities based on, relating to, concerning or arising out of the ASI Data

3    Breach or the allegations, facts, or circumstances described in the Action, this Settlement

4    Agreement, or the Notice.  Released Claims include Unknown Claims.  Released Claims include

5    claims against the marital communities and estates, if any, of Related Entities.  Released Claims

6    do not include the right of any Settlement Class Member or ASI to enforce the terms of the

7    settlement contained in this Settlement Agreement.

8         **1.41**   "Settlement Agreement" has the meaning set forth in Section I of this

9    Settlement Agreement.

10        **1.42**   "Settlement Class" means all Persons about whom Class Information was

11   included in the ASI Data Breach, or who have or could have a right or interest as to such

12   information derived from or arising out of a right or interest of such Persons.  Excluded from the

13   definition of the Settlement Class are (i) ASI and its officers and directors;  (ii) the Judge

14   presiding over any motion to approve this Settlement Agreement; and (iii) those Persons who are

15   Opt-Outs.

16        **1.43**   "Settlement Class Member(s)" means a Person(s) who falls within the

17   definition of the Settlement Class.

18        **1.44**   "Settlement Fund" means ONE MILLION FIVE HUNDRED

19   THOUSAND AND NO/100's U.S. DOLLARS ($1,500,000.00) to be paid by ASI according to

20   the terms and subject to the limitations and conditions set forth in this Settlement Agreement.

21        **1.45**   "Settling Parties" means ASI, and Plaintiff, individually and on behalf of

22   the Settlement Class.

23        **1.46**   "Unknown Claims" means any of the Released Claims that any Settlement

24   Class Member, including Plaintiff, does not know or suspect to exist in his or her favor at the

25   time of the release of ASI and the Related Entities which, if known by him or her, might have

26

SETTLEMENT AGREEMENT - 10
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

affected his or her settlement with and release of ASI and the Related Entities, or might have affected his or her decision not to object to and/or to participate in the settlement memorialized in this Settlement Agreement.

### 2.   Benefits To Settlement Class Members

ASI shall provide the following benefits to Settlement Class Members subject to the following limits, exclusions, and conditions and according to the following procedures.

**2.1**   Benefit Claims Submission Procedure.   All Benefit Claims under this Settlement Agreement shall be submitted to the Claims Administrator in writing on the Proof of Claim, together with all required documentation as provided herein, under penalty of perjury. Except as provided below, Benefit Claims shall be submitted by mail.  The date of submission shall be the postmark date. The date of receipt shall be the date on which the Claims Administrator received the Benefit Claim, PROVIDED HOWEVER that no Benefit Claim shall be deemed received for priority of payment purposes until and unless the Proof of Claim is properly filled out and accompanied by documentation as provided below, including any Claim Supplementation.

**2.2**   Basic Monitoring Benefit.

a.   Subject to the limitations stated below, ASI shall make the Basic Monitoring Benefit available to Settlement Class Members in the Basic Monitoring Subclass.

b.   The Basic Monitoring Benefit shall consist of one or the other, but not both of:  one (1) year of Credit Monitoring provided at ASI's expense or reimbursement of up to $50 for the cost of purchasing Alternative Credit Monitoring.

c.   Members of the Basic Monitoring Subclass seeking Credit Monitoring will be able to sign up for it pursuant to instructions included in the Notice, which shall include the availability to subscribe online (i.e. over the Internet) or by calling a toll-free number to request subscription forms that can be returned by mail.

SETTLEMENT AGREEMENT - 11
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

d.      Proofs of Claim for reimbursement under the Basic Monitoring Benefit must be submitted by regular mail and must provide proof of purchase setting forth the date of purchase, cost of purchase, and name of the Alternative Credit Monitoring provider.

e.      No Person in the Basic Monitoring Subclass may receive more than one Basic Monitoring Benefit. If a Class Member submits more than one otherwise valid Basic Monitoring Claim, only the first shall be deemed submitted and the others will be rejected.

f.      Basic Monitoring Claims must be submitted within forty-five (45) days after the Notice Date.

g.      Seventy-five percent (75%) of the Net Settlement Fund shall be allocated to paying Basic Monitoring Benefits.  In no event shall ASI be obligated to pay an amount that exceeds seventy-five percent (75%) of the Net Settlement Fund for total allowed Basic Monitoring Claims.   If total allowed Basic Monitoring Claims exceed that allocated amount, the Claims Administrator will pay allowed Basic Monitoring Claims in priority order based upon the date on which the allowed Basic Monitoring Claims are received until that allocated amount is exhausted.   If the allowed Basic Monitoring Claims total less than that allocated amount, the Claims Administrator shall return the remainder of that allocated amount to ASI.

**2.3**    Augmented Monitoring Benefit.

a.      Subject to the limitations stated below, ASI shall make the Augmented Monitoring Benefit available to any eligible Settlement Class Member who submits a timely and properly completed Proof of Claim seeking that benefit as provided in this Paragraph 2.3.

b.      No Settlement Class Member may receive more than one Augmented Monitoring Benefit. If a Settlement Class Member submits more than one otherwise

SETTLEMENT AGREEMENT - 12
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50951246.3

valid Augmented Monitoring Claim, only the first shall be deemed submitted and the others will be rejected.

c.      An Augmented Monitoring Claim must be submitted no later than twelve (12) months from the Notice Date and a specific cutoff date shall be specified in the Notice.    A Proof of Claim seeking the Augmented Monitoring Benefit must be properly completed and must also include a credit report by a National Credit Reporting Agency, or by a credit monitoring service and incorporating information from a National Credit Reporting Agency, showing that a third party made an unauthorized or fraudulent inquiry on or regarding the Settlement Class Member's credit after the ASI Data Breach occurred, or sought an extension of credit in the name of the Settlement Class Member.

d.      Fifteen percent (15%) of the Net Settlement Fund shall be allocated to paying Augmented Monitoring Benefits.   In no event shall ASI be obligated to pay an amount that exceeds fifteen percent (15%) of the Net Settlement Fund for total allowed Augmented Monitoring Claims.   If total allowed Augmented Monitoring Claims exceed that allocated amount, the Claims Administrator will pay allowed Augmented Monitoring Claims in priority order based on the date on which the allowed Augmented Monitoring Claims are received until that allocated amount is exhausted.   If allowed Augmented Monitoring Claims total less than that allocated amount, the Claims Administrator shall return the remainder of that allocated amount to ASI.

**2.4**    Identity Theft Reimbursement.

a.      Subject to the limitations stated below, ASI shall provide Identity Theft Reimbursement to eligible Settlement Class Members as provided in this Paragraph 2.4.

b.      An Identity Theft Claim must be submitted no later than eighteen (18) months from the Notice Date and a specific cutoff date shall be stated in the Notice.   A Proof of Claim asserting an Identity Theft Claim must be properly completed and must also

SETTLEMENT AGREEMENT - 13
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

include: (1) a law enforcement report of complaint of the identity theft; (2) a record of a fraud alert request or security freeze request related to the identity theft made by or on behalf of the Settlement Class Member to a National Credit Reporting Agency; and (3) proof of loss caused by the identity theft in the form of account record(s), credit reports, invoices, dunning letters, and/or collection notices reflecting the charges for which reimbursement is sought, or similarly verifiable documentation of any other claimed loss for which reimbursement is sought.

c.      Ten percent (10%) of the Net Settlement Fund shall be allocated to paying allowed Identity Theft Claims.  In no event shall ASI be obligated to pay an amount that exceeds ten percent (10%) of the Net Settlement Fund for total allowed Identity Theft Claims.  If total allowed Identity Theft Claims exceed that allocated amount, the Claims Administrator will pay allowed Identity Theft Claims in priority order based upon the date on which the Identity Theft Claims are received until that allocated amount is exhausted.  If allowed Identity Theft Claims total less than that allocated amount, the Claims Administrator shall return the remainder of that allocated amount to ASI.

**2.5**   <u>Untimely Proofs of Claim Are Rejected</u>.  Proofs of Claim, with or without documentation, that are untimely submitted are not deemed Benefit Claims and the Claims Administrator shall reject them.

**2.6**   <u>Benefit Claim Acceptance Or Denial</u>.  After receiving a timely Proof of Claim, the Claims Administrator shall have thirty (30) days to accept the Benefit Claim, deny the Benefit Claim, or require Claim Supplementation by writing to the Settlement Class Member, with copies to Class Counsel and ASI's counsel.  If the Claims Administrator requests Claim Supplementation, it shall be provided to the Claims Administrator by the Settlement Class Member within thirty (30) days of the request or the Benefit Claim shall be deemed denied.  The Settlement Class Member may request and, for good cause shown (e.g., illness, out of the country, mail failure, lack of cooperation of third parties), shall be given a reasonable extension

SETTLEMENT AGREEMENT - 14
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    during which to provide the Claim Supplementation.  The Claims Administrator shall have 30

2    days from receipt of the Claim Supplementation to accept or deny the Benefit Claim.  Grounds

3    for denial shall be inadequate proof of eligibility, the submission of false or misleading

4    statements or documentation, or exhaustion of the amount allocated to payment of that type of

5    Benefit Claim from the Net Settlement Funds.

6        **2.7**    Dispute Resolution.  If the Claims Administrator denies a Benefit Claim,

7    the adversely affected Settlement Class Member may: (i) accept the decision; or (ii) dispute the

8    decision by notifying the Claims Administrator, Class Counsel and Counsel for ASI in writing at

9    their respective mailing addresses specified in the Notice of the basis for the dispute within thirty

10   (30) days of the denial.  The Claims Administrator shall thereafter provide Class Counsel and

11   counsel for ASI with copies of all materials received from or provided to the Settlement Class

12   Member within twenty (20) days after receiving a notice of a disputed denial.  Class Counsel and

13   counsel for ASI shall meet and confer regarding the disputed Benefit Claim within fourteen (14)

14   days after receiving such materials in a good faith effort to resolve the dispute.  If they are unable

15   to resolve the dispute, it shall be submitted to the Court for resolution.  The decision of the Court

16   on any disputed Benefit Claims shall be final, binding and non-appealable.  Any legal fees or

17   expenses incurred during the dispute resolution process shall be borne by the party incurring

18   them.

19       **2.8**    Costs of Claims Administration.  All Costs of Claims Administration shall

20   be paid out of the Settlement Fund.  The Claims Administrator shall set aside the Notice and

21   Administration Reserve for payments of Costs of Claims Administration.  If the Costs of Claims

22   Administration exceed the Notice and Administration Reserve, the Claims Administrator shall

23   notify Class Counsel and Counsel for ASI of that fact.  The Claims Administrator shall be

24   entitled to reduce the allocation of the Net Settlement Fund in the respective percentages as

25

26

SETTLEMENT AGREEMENT - 15
Case No. C08-0797 RAJ

provided above and to draw upon such funds to pay excess Costs of Claims Administration.  ASI shall not be liable to pay any Costs of Claims Administration except from the Settlement Fund.

### 3.   Class Certification

The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class as provided in the Preliminary Approval Order.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the settlement is terminated or cancelled pursuant to the terms of this Settlement Agreement, then any orders concerning this Settlement Agreement, and the certification of the Settlement Class, will be vacated and the Action may proceed as though the Settlement Class had never been certified, and no party's position on the issue of class certification or any other issue in the Action shall be prejudiced by the fact of the Settling Parties' agreement to this settlement or any statements made in this Settlement Agreement or related documents.

### 4.   Preliminary Approval Order.

**4.1**   As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall file with the Court a motion for preliminary approval of the settlement with the Court and apply for entry of the Preliminary Approval Order.

**4.2**   The Preliminary Approval Order shall provide, subject to Court approval, that, pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, continue, or prosecute, against ASI or the Related Entities, any of the Released Claims in any action or proceeding before any court, administrative agency, or arbitration tribunal.

### 5.   Opt-Out Procedures

**5.1**   Any Person who falls within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must individually sign and timely mail a

SETTLEMENT AGREEMENT - 16
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1   properly completed Opt-Out Request to the address specified in the Notice.  To be effective, the

2   Opt-Out Request must be postmarked not later than 45 days after the Notice Date.

3        **5.2**      Opt-Outs shall not receive any benefits under, or be bound by the terms of,

4   this Settlement Agreement.  If the Effective Date occurs, all Persons falling within the definition

5   of the Settlement Class who do not submit a timely and properly completed Opt-Out Request

6   shall be bound by the terms of this Settlement Agreement and the Judgment whether or not they

7   submit a Benefit Claim or receive a Credit Monitoring Benefit, Augmented Monitoring Benefit,

8   or Identity Theft Reimbursement.

9        **6.      Objection Procedures**

10       **6.1**      Each Settlement Class Member wishing to object to the Settlement

11  Agreement must give written notice of his, her or its objection.  The written notice of objection

12  must state (i) the objector's full name, address, telephone number and e-mail address, (ii) a

13  statement of all grounds for the objection accompanied by any legal support for the objection,

14  (iii) copies of any papers, briefs or other documents upon which the objection is based, (iv) the

15  identity of counsel representing the objector, (v) the identity of counsel representing the objector,

16  if any, who will appear at the Final Fairness Hearing, (vi) a list of all persons the objector intends

17  to call to testify at the Final Fairness Hearing in support of the objection, (vii) a statement

18  confirming whether the objector intends to testify at the Final Fairness Hearing, (viii) a list of

19  other class action cases in which the objector or objector's counsel have appeared as settlement

20  objectors or as counsel for settlement objectors in the preceding five (5) years, and (ix) the

21  objector's signature or the signature of the objector's duly authorized attorney or other duly

22  authorized representative (along with documentation setting forth such documentation).

23       **6.2**      Written notice of an objection in appropriate form must be filed with the

24  Clerk of the Court, and served on Class Counsel and Counsel for ASI at the addresses indicated

25  in the Notice.  Objections must be filed and served no later than 45 days after the Notice Date.

26

SETTLEMENT AGREEMENT - 17
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

7.    **Releases**

7.1    Upon the Effective Date, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.

7.2    Upon the Effective Date, ASI shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiff and Class Counsel from claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Action, except for enforcement of this Settlement Agreement as to such matters as pertain to each of them.

7.3    With respect to any and all Released Claims, upon the Effective Date Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and also any and all provisions, rights, and benefits conferred by any statute, regulation or ordinance of the United States or any state, district, or territory of the United States, or political subdivision thereof, or principle of common law including but not limited to that set forth in *Jackson v. Miller*, 776 S.W.2d 115, 118 (Tenn. Ct. App. 1989), which is similar, comparable, or equivalent to California Civil Code § 1542. Settlement Class Members, including the Plaintiff, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Plaintiff expressly shall have, and each other Settlement Class Member shall be

SETTLEMENT AGREEMENT - 18
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50951246.3

1    deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully,

2    finally, and forever settled and released any and all Released Claims.  The Settling Parties

3    acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment

4    to have acknowledged, that the foregoing waiver is a material element of the settlement of which

5    this release is a part.  Reference in this Paragraph to California Civil Code § 1542 or to the laws

6    of other states does not indicate, and shall not be construed to demonstrate, an intention by the

7    Settling Parties that the settlement or the Settlement Agreement are governed by California law

8    or the law of any other state and does not extend any effect of such law to the Settling Parties or

9    Class Members.

10       **8.      Attorney Fees, Costs, and Expenses, and Plaintiff Awards**

11       **8.1**      As of the date of this Settlement Agreement, the Settling Parties have not

12   reached agreement on an amount to be paid in attorney fees, costs, and expenses, except that if

13   the Judgment becomes Final: (a) ASI shall pay $15,000 in addition to the Settlement Fund to

14   Class Counsel toward fees for post-settlement services, and (b) ASI agrees not to object to an

15   application by Class Counsel for an award of attorney fees, costs, and expenses not to exceed

16   thirty percent (30%) of the Settlement Fund.  The amount of attorney fees, costs, and expenses to

17   be awarded to Class Counsel shall be determined by the Court.  The attorney fees, costs, and

18   expenses provided for under this paragraph shall be the exclusive and total amount paid by ASI

19   to Class Counsel in connection with the Action and shall be in lieu of any amounts available

20   under any potentially applicable fee-shifting statute.

21       **8.2**      If the Judgment becomes Final, ASI has further agreed to pay, subject to

22   Court approval, a class representative service award to the Plaintiff in the amount of $10,000.

23       **8.3**      Within 10 business days of the Effective Date, the Claims Administrator

24   shall pay out of the Settlement Fund the attorney fees, costs, and expenses awarded to Class

25

26

SETTLEMENT AGREEMENT - 19
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

Counsel, and the class representative award to Plaintiff, as provided in the Judgment, to an account established and/or directed by Class Counsel.

**9.    Administration of Benefit Claims**

**9.1**    The Claims Administrator shall administer, calculate, and pay allowed Benefit Claims except as expressly provided otherwise herein.  Class Counsel shall be given monthly reports as to Benefit Claims and benefit distribution, and have the right to review and copy supporting documentation and to challenge such reports if they believe them to be inaccurate or inadequate.

**9.2**    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim for any benefits hereunder within the time frames set forth herein and subject only to exceptions expressly provided herein, shall be forever barred from receiving any payments or benefits pursuant to the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the releases contained herein, and the Judgment.

**9.3**    No Person shall have any claim against ASI, ASI's counsel, or Class Counsel, or the Claims Administrator based on distributions of benefits made, denied or rejected substantially in accordance with the Settlement Agreement and the settlement contained herein, or further order(s) of the Court.

**9.4**    Until and unless the Effective Date occurs, the Claims Administrator shall not make any disbursements from the Settlement Fund except for Costs of Claims Administration.  If the Effective Date occurs, the Claims Administrator shall pay Benefit Claims according to the following deadlines, each of which may be continued at the Claims Administrator's request or upon the agreement of the Settling Parties, subject to Court approval. The deadlines for payments are as follows:

SETTLEMENT AGREEMENT - 20
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

- The Claims Administrator shall pay for services under allowed Benefit Claims for Credit Monitoring under the Basic Monitoring Benefit within sixty (60) days after the Effective Date.

- The Claims Administrator shall make payments for reimbursement of Alternative Credit Monitoring under the Basic Monitoring Benefit within sixty (60) days after the Effective Date.

- The Claims Administrator shall pay for services under allowed Benefit Claims for the Augmented Credit Monitoring Benefit within sixty (60) days after the Effective Date or within thirty (30) days after such Benefit Claim is allowed, whichever is later.

- The Claims Administrator shall pay Benefit Claims for Identity Theft Reimbursement within sixty (60) days after the Effective Date or within 30 days after the Benefit Claim is allowed, whichever is later.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination.**

**10.1**    If the Effective Date does not occur or the Settlement Agreement is terminated pursuant to its terms, then the Settlement Agreement shall be canceled and terminated unless Class Counsel and counsel for ASI are authorized by their respective clients to, and do, agree in writing to proceed with the Settlement Agreement.

**10.2**    If more than seven and one-half percent (7.5%) of the potential Settlement Class Members timely return properly executed Opt-Out Requests, ASI may terminate the Settlement Agreement by providing notice of termination to Class Counsel and the Court in writing at least fourteen (14) days prior to the Final Fairness Hearing.

**10.3**    If the Settlement Agreement is not approved by the Court, or the Court's approval is reversed in a final, non-appealable  decision, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be

SETTLEMENT AGREEMENT - 21
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  restored to their respective positions in the Action, and shall jointly request the Court to

2  reasonably extend all scheduled litigation deadlines so as to avoid prejudice to any Settling Party

3  or litigant, and (b) the terms and provisions of the Settlement Agreement shall have no further

4  force and effect with respect to the Settling Parties and shall not be used in the Action or in any

5  other proceeding for any purpose, and (c) any judgment or order entered by the Court in

6  accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro

7  tunc.

8    **10.4**    If the Court does not approve the Settlement Agreement or the Court's

9  approval is reversed in a final, non-appealable decision, ASI shall be entitled to an offset or

10  credit in the amount of the Costs of Claims Administration paid out of the Settlement Fund

11  against any money judgment Plaintiff obtains if Plaintiff subsequently prevails in the Action.

12  ASI will not be entitled to such a judgment credit or offset if ASI exercises its right to terminate

13  the Settlement Agreement under Paragraph 10.2 above.

14    **11.    Miscellaneous Provisions**

15    **11.1**    The Settling Parties:  (a) acknowledge that it is their intent to consummate

16  this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to

17  effectuate and implement all terms and conditions of this Settlement Agreement, and any

18  applicable requirements under the Class Action Fairness Act of 2005 ("CAFA"), and to exercise

19  their best efforts to accomplish the terms and conditions of this Settlement Agreement.  ASI shall

20  be responsible for providing the notices required by CAFA to Attorneys General or other State

21  officials and shall advise Class Counsel and the Court when it has done so.

22    **11.2**    The Settling Parties intend this Settlement Agreement to be a final and

23  complete resolution of all disputes between them with respect to the Action, the Released

24  Claims, and the ASI Data Breach.  The Settlement Agreement compromises claims that are

25  contested and shall not be deemed an admission by any Settling Party as to the merits of any

26

SETTLEMENT AGREEMENT - 22
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1  claim or defense.  The Settling Parties each agree that the Settlement Agreement was negotiated

2  in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after

3  consultation with qualified legal counsel experienced in prosecuting and defending consumer

4  class actions.

5         **11.3**    Neither the Settlement Agreement, nor the settlement contained herein,

6  nor any act performed or document executed pursuant to or in furtherance of the Settlement

7  Agreement or the settlement:  (a) is or may be deemed to be or used as an admission of, or

8  evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability

9  of ASI or the Related Entities; or (b) is or may be deemed to be, or may be used as an admission

10  of, or evidence of, any fault or omission of ASI or the Related Entities, in any civil, criminal,

11  regulatory, or administrative proceeding before any court, administrative agency, or other

12  tribunal.  ASI may file the Settlement Agreement and/or the Judgment in any action that may be

13  brought against it in order to support a defense or counterclaim based on principles of res

14  judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any

15  other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

16         **11.4**    Plaintiff, Class Counsel, ASI, and ASI's counsel agree that no single party

17  shall be deemed to have drafted this Settlement Agreement or any portion thereof. Each Settling

18  Party has participated and had an equal opportunity to participate in the drafting of this

19  Settlement Agreement, and no statutory and/or case law construing any ambiguity against the

20  party drafting it shall apply to this Settlement Agreement for any purpose whatsoever.

21         **11.5**    The waiver by one party of any provision or breach of this Settlement

22  Agreement shall not be deemed a waiver of any other provision or breach.  All waivers by a

23  Settling Party of any provision or breach of this Settlement Agreement shall only be in writing,

24  duly signed by or on behalf of such Settling Party, and any alleged waiver not strictly

25

26

SETTLEMENT AGREEMENT - 23
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50951246.3

1    conforming to this requirement shall not be deemed or construed to be a waiver for any purpose

2    whatsoever.

3          **11.6**    Except for presentations to or before the Court or an appellate court, and

4    providing the Notice, the Settling Parties and their respective counsel and representatives shall

5    not publicly comment on the settlement until and unless the Effective Date occurs.   If the

6    Effective Date occurs, the Settling Parties and their respective counsel shall confer and may issue

7    a joint public statement or statements regarding the settlement, but shall not otherwise publicly

8    comment on the settlement; PROVIDED HOWEVER, that (1) ASI and its counsel and

9    representatives may respond to inquiries regarding the settlement by ASI's regulators, customers

10   and potential customers and Settlement Class Members; and (2) Class Counsel may respond to

11   inquiries from Settlement Class Members regarding the settlement.

12         **11.7**    The Settlement Agreement may be amended or modified only by a written

13   instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

14         **11.8**    This Settlement Agreement, together with the Exhibits attached hereto,

15   constitutes the entire agreement among the Settling Parties. It supersedes all prior discussions,

16   negotiations or writings concerning the settlement including, without limitation, the

17   Memorandum of Understanding.   The Settling Parties have not relied on any representations,

18   warranties, or inducements concerning the Settlement Agreement other than the representations,

19   warranties, and covenants contained and memorialized herein.

20         **11.9**    Except as otherwise provided herein, each Settling Party shall bear his,

21   her, or its own costs and attorney fees.

22         **11.10**    Class Counsel, on behalf of the Settlement Class, are expressly authorized

23   by the Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement

24   Class pursuant to the Settlement Agreement to implement its terms, and also are expressly

25   authorized, subject to approval by the Court, to enter into any modifications or amendments to

26

SETTLEMENT AGREEMENT - 24
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1  the Settlement Agreement on behalf of the Settlement Class that Class Counsel deems

2  appropriate and that may be agreed to by counsel for ASI.

3        **11.11**  Each counsel or other Person executing the Settlement Agreement on

4  behalf of any Settling Party warrants that such Person has the full authority to do so.

5        **11.12**  The Settlement Agreement may be executed in one or more counterparts.

6  All executed counterparts and each of them shall be deemed to be one and the same instrument.

7  A complete set of original executed counterparts shall be filed with the Court with the motion

8  seeking entry of the Preliminary Approval Order.

9        **11.13**  The Settlement Agreement shall be binding upon, and inure to the benefit

10  of, the successors and assigns of the Settling Parties.

11        **11.14**  The Court shall retain jurisdiction with respect to implementation and

12  enforcement of the terms of the Settlement Agreement and the Settling Parties submit to the

13  jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in

14  the Settlement Agreement.

15        **11.15**  This Settlement Agreement shall be considered to have been negotiated,

16  executed and delivered, and to be wholly performed, in the State of Washington, and the rights

17  and obligations of the parties to the Settlement Agreement shall be construed and enforced in

18  accordance with, and governed by, the internal, substantive laws of the State of Washington

19  without giving effect to that State's choice of law principles.

20        DATED on ~~November~~ December 9, 2008.

21  FOSTER PEPPER PLLC                     LAW OFFICE OF CHRISTOPHER L.

22                                                  BROWN

23  Tim J. Filer, WSBA No.16285

   Christopher G. Emch, WSBA No. 26457       Christopher L. Brown

24     Gavin C. Gaukroger, WSBA No. 38260       Attorneys for the Plaintiff and the proposed

   Emanuel F. Jacobowitz, WSBA No. 39991    Settlement Class

25     Attorneys for Administrative Systems, Inc.

26

SETTLEMENT AGREEMENT - 25
Case No. C08-0797 RAJ

50951246.3

1

HAGENS BERMAN SOBOL SHAPIRO LLP

2

3
_____
4
Anthony D. Shapiro, WSBA No. 12824
Thomas E. Loeser, WSBA No. 38701
5
Attorneys for the Plaintiff and the proposed
Settlement Class

6
LAW OFFICES OF J. MITCHELL CLARK
7

8
_____
9
J. Mitchell Clark
Attorneys for the Plaintiff and the proposed
Settlement Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SETTLEMENT AGREEMENT - 26
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50951246.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HAGENS BERMAN SOBOL SHAPIRO LLP

Anthony D. Shapiro, WSBA No. 12824
Thomas E. Loeser, WSBA No. 38701
Attorneys for the Plaintiff and the proposed
Settlement Class

LAW OFFICES OF J. MITCHELL CLARK

J. Mitchell Clark
Attorneys for the Plaintiff and the proposed
Settlement Class

SETTLEMENT AGREEMENT - 26
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

C:\DOCUMENTS AND SETTINGS\TOML\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLKA\SEADOC

1

**LIST OF EXHIBITS**

2        Exhibit A – Preliminary Approval Order

3        Exhibit B – Notice

4        Exhibit C – Proof of Claim Form

5        Exhibit D – Opt Out Request

6        Exhibit E – Final Approval Order And Judgment

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SETTLEMENT AGREEMENT - 27
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50951246.3

EXHIBIT A

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA STOOTS EWING, on behalf of
herself and all others similarly situated,

                       Plaintiff,

    v.

ADMINISTRATIVE SYSTEMS, INC.,

                      Defendant.

No. C08-0797 RAJ

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT,
CONDITIONALLY CERTIFYING
SETTLEMENT CLASS AND
APPROVING CLASS NOTICE**

Before the Court is a motion and memorandum in support by Brenda Ewing ("Representative Plaintiff"), requesting that the Court enter an Order: (1) preliminarily approving, pursuant to Fed. R. Civ. P. 23(e), the settlement set forth in the Settlement Agreement and Exhibits thereto, which was filed with the Court on _____; (2) approving the proposed form of notice ("Notice") and the proposed method of providing the Notice to the potential members of the Settlement Class; (3) appointing Tilghman & Co., Birmingham, Alabama, as the Claims Administrator, whose responsibilities shall include, among other things, providing the Notice to the potential members of the Settlement Class; (5) preliminarily certifying the Settlement Class for settlement purposes only; (6) appointing Brenda Ewing as the Representative Plaintiff; (7) appointing Class Counsel; and (8) scheduling a hearing to consider final approval of the settlement and related matters.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 1
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50949028.5

Having reviewed and considered the Settlement Agreement, the motion, memorandum and other material submitted in support of the request to preliminarily approve the Settlement Agreement, and having considered the arguments of counsel, the Court preliminarily approves the settlement contained in the Settlement Agreement on the terms and conditions set forth in this Preliminary Approval Order.  Capitalized terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**FINDINGS**

The Court makes the following findings of fact based on the terms and conditions of the Settlement Agreement and the other evidence before this Court, subject to final consideration at the Final Fairness Hearing provided for below:

1.   <u>Definition of Settlement Class.</u>

The Action was brought on behalf of all Persons about whom Class Information was stored on the computer that was stolen in the ASI Security Breach.  The Settlement Class is defined as:

> All Persons, information as to whom is included in the Class Information, or who have or could have a right or interest as to such information derived from or arising out of a right or interest of such Persons.  Excluded from the definition of the Settlement Class are (i) ASI and its officers and directors; (ii) the Court presiding over any motion to approve this Settlement Agreement; and (iii) those Persons who timely and validly request exclusion from the Class.

2.   <u>Settlement Agreement Fairness.</u>

a.   The Settlement Agreement is the product of good faith, arm's-length, serious, informed, and non-collusive negotiations between Class Counsel and counsel for ASI. The parties engaged in lengthy and detailed settlement discussions that included the exchange of information concerning the investigation into the theft of ASI's computer, the content of the Class Information, the response of affected individuals to the Pre-Litigation Notice and the Pre-Litigation Offer, and Class Counsel's investigation of the facts giving rise to the allegations

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 2
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50949028.5

1    made in the Action.  Class Counsel and counsel for ASI are knowledgeable and experienced in

2    class action litigation and in the subject matter involved in this case.

3         b.    Potential Settlement Class Members will have the opportunity to opt out

4    of the Settlement Class, and if they do not opt out, to object to the terms of the Settlement

5    Agreement.

6         c.    Class Counsel are recommending that the Court approve the settlement set

7    forth in the Settlement Agreement.

8         d.    The terms of the Settlement Agreement are sufficiently within a range of

9    reasonableness as to justify preliminary approval and notification to the potential members of the

10   Settlement Class of the proposed settlement and to merit a hearing as to whether the settlement

11   should be approved as fair, reasonable, adequate and in the interests of the potential Settlement

12   Class Members.

13        e.    Conditional certification for settlement purposes only of the Settlement

14   Class is appropriate under Fed. R. Civ. P. 23 (b)(3).

15        3.    No Admission.  The Settlement Agreement does not constitute and shall not be

16   construed as an admission on the part of any of the Settling Parties.   Representative Plaintiff

17   continues to affirm her allegations and claims of fault and liability.  Defendant continues to deny

18   Representative Plaintiff's allegations and disclaims any fault or liability.

19        4.    Form, Content, and Manner of Providing Notice.  The Court has reviewed the

20   plan specified in the Settlement Agreement for providing notice to potential members of the

21   Settlement Class of the proposed settlement and their rights to opt out of the settlement or object

22   to the terms of the Settlement Agreement.  That plan and the form of the proposed Notice

23   comport with all the requirements of Fed. R. Civ. P. 23 and state and federal standards of

24   constitutional due process as the best notice practicable under the circumstances of this case.

25   The Notice is accurate and informs the potential Settlement Class Members of the claims and

26   defenses asserted in the Action, the reasons for the settlement and the effect on the Settlement

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 3
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

Class Members' legal rights if the Judgment becomes final and the Effective Date occurs with regard to the Settlement Agreement.  The Court notes that ASI has previously mailed one or more notices to the potential members of the Settlement Class and, in doing so, has updated the addresses used in sending in the Notice, further supporting the finding that mailing the Notice is the best notice practicable under the circumstances.  The timing of notice in advance of the Final Fairness Hearing provides the potential Settlement Class Members with the time and information necessary to make an informed decision about whether to participate in the Settlement and constitutes due and sufficient notice of this Order and of the Final Fairness Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      Having made the findings set forth above, the Court preliminarily certifies the Settlement Class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"), pursuant to Fed. R. Civ. P. 23(b)(3) and 23(e).

2.      For purposes of holding the Final Fairness Hearing, the Court appoints Barbara Stoots Ewing as the representative for the proposed Settlement Class, for settlement purposes only.

3.      The Court preliminarily approves the settlement set forth in the Settlement Agreement as fair, reasonable, and adequate under Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing.

4.      Anthony D. Shapiro and Thomas E. Loeser of Hagens Berman Sobol Shapiro LLP, Christopher L. Brown, and J. Mitchell Clark are appointed as co-lead counsel for the Settlement Class ("Class Counsel").

5.      The Final Fairness Hearing will be held on _____ at ____ _.m., in Courtroom 13106 on the 13th Floor of the United States District Court for the Western District of Washington, U.S. Courthouse, United States Courthouse, 700 Stewart Street, Seattle, WA 98101-1271, to determine: (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 4
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50949028.5

1   Judgment as provided in the Settlement Agreement should be entered dismissing the Action with
2   prejudice and granting final approval of the settlement; and (c) if the settlement is approved, in
3   what amount Class Counsel should be awarded attorneys' fees, costs and expenses and whether
4   and in what amount Representative Plaintiff should receive an incentive award.  The Court may
5   adjourn and/or continue the Final Fairness Hearing without further notice to potential Settlement
6   Class Members.

7          6.     The Court approves the Notice as to form and content.  The Court approves the
8   plan for providing the Notice to the potential members of the Settlement Class.  The form of the
9   proposed Notice and the plan comport with all the requirements of Fed. R. Civ. P. 23 and state
10  and federal standards of constitutional due process as the best notice practicable under the
11  circumstances of this case.

12         7.     The Court approves of and appoints Tilghman & Co. to perform the duties of the
13  Claims Administrator as set forth in the Settlement Agreement.

14         8.     No later than thirty (30) calendar days after the entry of this Preliminary Approval
15  Order, the Claims Administrator will mail the Notice to each of the potential Settlement Class
16  Members at the most recent address known to the Claims Administrator or to ASI or such
17  updated address as may be obtained through the address updating database maintained by the US
18  Postal Service.

19         9.     No later than fourteen (14) calendar days before the Final Fairness Hearing, Class
20  Counsel and ASI shall file with the Court one or more declarations stating that, in accordance
21  with the terms of this Order, the Notice was provided by timely mailing it to potential Settlement
22  Class Members at their last known addresses.

23         10.    ASI shall comply with the obligation to give notice under CAFA, 28 U.S.C.
24  § 1715, in connection with the proposed settlement.  No later than fourteen (14) calendar days
25  before the Final Fairness Hearing, counsel for ASI shall file with the Court one or more
26  declarations stating that ASI has complied with its notice obligations under 28 U.S.C. § 1715.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 5
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50949028.5

11.     Class Counsel shall file with the Court and serve on counsel for ASI the application for attorney's fees and costs and a memorandum in support of final approval of the Settlement Agreement no later than fourteen (14) calendar days before the Fairness Hearing.

12.     Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit an Opt-Out Request to a designated Post Office Box established by the Claims Administrator, as set forth in the Notice.   To be effective, the Opt-Out Request must be postmarked no later than forty-five (45) calendar days after the Notice Date.

13.     Within ten (10) calendar days after the deadline for Persons to opt out of the Settlement Class, the Claims Administrator shall furnish to Class Counsel and to counsel for ASI a complete list of all timely and valid Opt-Out Requests (the "Opt-Out List").

14.     If the Effective Date occurs, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be Settlement Class Members and shall be bound by the terms of this Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement.

15.     All Persons who submit valid and timely Opt-Out Requests shall not gain any rights or benefits by virtue of or be bound by the terms of the Settlement Agreement, and shall not be entitled to object to any aspect of the Settlement Agreement.

16.     Settlement Class Members who qualify for and wish to submit a Benefit Claim under the Settlement Agreement shall do so in accordance with the requirements and procedures of the Settlement Agreement.   Settlement Class Members who fail to submit a Benefit Claim in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein and the Judgment.

17.     Each Settlement Class Member wishing to object to the settlement shall submit a timely written notice of his objection as required by the Settlement Agreement.   Such notice shall

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 6
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50949028.5

state: (i) the objector's full name, address, telephone number and e-mail address, (ii) a written statement of all grounds for the objection accompanied by any legal support for the objection, (iii) copies of any papers, briefs or other documents upon which the objection is based, and (iv) the identity of all counsel representing the objector.   If such Member intends to attend the Final Fairness Hearing, the notice shall also state: (v) the identity of all counsel representing the objector who will appear at the Fairness Hearing, (vi) a list of all persons who will be called to testify at the Fairness Hearing in support of the objection, (vii) a statement confirming whether the objector intends to testify at the Fairness Hearing, (viii) a list of other class action cases in which the objector or objector's counsel have appeared as settlement objectors or as counsel for settlement objectors in the preceding five (5) years, and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative.   To be timely, written notice of an objection must be filed, or placed in the mail for filing, with the Clerk of the United States District Court for the Western District of Washington, U.S. Courthouse, United States Courthouse, 700 Stewart Street, Seattle, WA 98101-1271, no later than forty-five (45) days prior to the date set in the Notice for the Final Fairness Hearing, and must be served by that same date upon Class Counsel at: Thomas E. Loeser, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA, 98101; and on counsel for ASI at:  Tim J. Filer, Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, WA 98101.

18.     All discovery and pretrial deadlines and proceedings in this Action are stayed and suspended until further order of this Court.  Pending the outcome of the Final Fairness Hearing, no potential Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

19.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 7
Case No. C08-0797 RAJ

1  of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of ASI;

2  or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or

3  omission of ASI, in any civil, criminal, or administrative proceeding in any court, administrative

4  agency, or other tribunal.

5        20.    If the Court does not grant final approval of the Settlement Agreement, the

6  settlement set forth in the Settlement Agreement is terminated in accordance with its terms, or

7  the Effective Date does not occur for any reason, this Preliminary Approval Order and any

8  judgment or order entered by the Court in accordance with the terms of the Settlement

9  Agreement shall be treated as vacated, *nunc pro tunc*, and the parties shall return to their

10 respective litigation positions as of the date immediately prior to its entry, except that all

11 scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any party.

12 In such event, the terms and provisions of the Settlement Agreement shall have no further force

13 and effect with respect to the Settling Parties and shall not be used in the Action or in any other

14 proceeding for any purpose.

15       Dated this ___ day of _____, 2008.

16

17                                   _____
                                  Honorable Richard A. Jones

18 Presented by:                              United States District Court Judge

19 HAGENS BERMAN SOBOL SHAPIRO LLP

20

21 _____

22 Steve W. Berman, WSBA #12536
Anthony D. Shapiro, WSBA #12824

23 Thomas E. Loeser, WSBA #38701
Counsel for Representative Plaintiff

24

25

26

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - 8
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50949028.5

EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

# YOU MAY BE ELIGIBLE FOR BENEFITS

# IN A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed class action settlement has been reached with Administrative Systems, Inc. ("ASI") about the theft of personal and financial information about you.

- Under the settlement, you may be eligible for no-charge credit monitoring and reimbursement for certain amounts you paid for credit monitoring or for losses due to identity theft.

- If you qualify, you may be able to enroll in credit monitoring at no cost to you without having to complete a claim form.

- You will be required to file a Proof of Claim in order to receive reimbursement payments under the settlement.

- If the settlement is approved and becomes final, your legal rights will be affected whether you file a claim or not.

- Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| ENROLL IN MONITORING | If you meet the requirements for the Basic Monitoring benefit, you need not complete a claim form to receive it |
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against ASI about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | You will get no payment and may give up legal rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

  The Court must still decide whether to approve the settlement. Payments will be made only if and when the Court approves the settlement and after any appeals are resolved.

50954854.2

## BASIC INFORMATION

### 1.  Why did I get this notice package?

Your name, address, and other personal information were on the hard drive of a computer that was stolen from Administrative System, Inc. ("ASI").  You were previously sent a notice from ASI about this incident (the "ASI Data Breach").

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit related to the ASI Data Breach before the Court decides whether to approve the settlement.  If the Court approves the settlement and after objections and appeals are resolved, an administrator will distribute the benefits and payments that the settlement allows.  This package explains the lawsuit, your legal rights, what benefits are available, and how to get them.

### 2.  What is this lawsuit about?

ASI provides third-party administrative services for insurance companies and other clients.  In December 2007, a desktop computer was stolen from ASI. The hard drive of that computer contained personal information about thousands of individuals, such as names, mailing addresses, dates of birth, and social security numbers.  The lawsuit claims ASI violated the Fair Credit Reporting Act and was negligent when the data was stolen.  ASI denies these allegations.  The court has not ruled on the case.

This is a class action.  Barbara Ewing has sued on behalf of herself and people who have similar claims.  In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Court in charge of the case is the United States District Court for the Western District of Washington and the case is known as *Ewing v. Administrative Systems, Inc.*, Case No. CV-08-0897.

### 3.  Was I harmed?

Some information about you was on the hard drive of the stolen computer.  The parties do not know whether some, all, or none of your information was accessed or used by unauthorized persons after the ASI Data Breach.

### 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant.  Instead, both sides agreed to a settlement to avoid litigation costs and uncertainty about how the case would be decided.  If approved, the settlement also provides certainty about the benefits afforded to Settlement Class Members.  The Class Representative and Class Counsel recommend approving the settlement.

50954854.2

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 5.   What does the settlement provide?

ASI has agreed to create a $1,500,000 settlement fund to pay for the costs of administering the settlement, benefits to the Settlement Class Members and attorney fees and costs for Class Counsel. There are four kinds of benefits for the Class Members: basic credit monitoring, credit monitoring reimbursement, augmented credit monitoring, and identity theft reimbursement. Which of these benefits are available to you depends upon your particular circumstances.

### 6.   Will all Class Members get a benefit?

Possibly not.   Settlement Class Members must file a Proof of Claim to receive any benefits beyond basic credit monitoring; those who do not file a claim will not receive a benefit, but will still be bound by the settlement.  If the claims allowed for a particular benefit exhaust the portion of the Settlement Fund available to pay for that benefit, the fund may not cover all claims.  Claims will be paid on a first-in, first-out basis for properly-made claims, until the allocated amount for each benefit is spent.

### 7.   What is the basic credit monitoring benefit?

ASI will provide eligible Settlement Class Members free of charge with a one-year subscription to a commercial credit monitoring service, PrivacyGuard℠.  PrivacyGuard℠ monitors your credit report daily and informs you of any changes such as credit inquiries, new accounts opened, and derogatory information posted.

Not all Settlement Class Members are eligible for the basic credit monitoring benefit.  In February and March 2008, before this class action was filed, ASI, with certain of its clients, offered a one-year PrivacyGuard℠ subscription to certain Settlement Class Members.  If you were mailed that original offer, then whether you accepted it or decided not to, you are not eligible for the basic credit monitoring benefit now.  ELIGIBLE CLASS MEMBERS MAY NOT CLAIM BOTH THIS BENEFIT AND THE REIMBURSEMENT BENEFIT DISCUSSED IN PARAGRAPH 8 BELOW – YOU MUST CHOOSE ONE OR THE OTHER.

If you are eligible for the basic monitoring benefit, you must sign up for PrivacyGuard℠ , either online or by telephone, before the deadline to receive it.  The deadline to apply for this benefit is [DATE (45 days from Notice Date)].

### 8.   What is the credit monitoring reimbursement benefit?

Under the settlement, those Settlement Class members who have not previously been sent a notice of the one-year free credit monitoring benefit may be reimbursed for other credit monitoring services purchased after being notified of the ASI Data Breach.  To be eligible for reimbursement, you must have purchased a credit monitoring service less than sixty (60) days after ASI notified you of the ASI Data Breach.  You will be required to show proof of purchase.  Reimbursement is limited to $50.

50954854.2

If you are eligible for the credit monitoring reimbursement benefit, you must file a claim before the deadline to receive it. The deadline to apply for this benefit is [DATE (45 days from Notice Date)].

## 9.   What is the augmented credit monitoring benefit?

Some Class Members may learn that unauthorized inquiries have been made as to their credit information as a result of the ASI Data Breach. These Class Members are eligible to receive an additional two-year subscription to the PrivacyGuard℠ credit monitoring service. Those class members will be required to provide evidence in support of their claim.

If you are or become eligible for this augmented credit monitoring benefit, you must file a claim before the deadline to receive it. The deadline to apply for this benefit is [DATE (12 mos. from Notice Date)].

## 10. What is the identity theft reimbursement benefit?

Some Class Members may have lost money or have incurred expenses due to identity theft caused by the ASI Data Breach. They are eligible to receive reimbursement for those costs. Those Class Members will be required to provide evidence in support of their claim.

If you are or become eligible for this identity theft reimbursement benefit, you must file a claim before the deadline to receive it. The deadline to apply for this benefit is [DATE (18 mos. from Notice Date)].

### HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

## 11. How can I get a benefit?

Class member who have not previously received an offer from ASI for free credit monitoring may sign up for PrivacyGuard℠ through [website] or call [number]. To qualify for a payment, you must follow the directions in the Proof of Claim Form that accompanies this Notice. Claim Forms are available online at http://incident.asibpi.com/. Read the instructions carefully, fill out the form, **include all the documents requested** on the form for the benefit you claim, sign it, and submit your claim **by the deadline for the particular benefit you are claiming**.

You may be asked for additional documentation. Follow all the instructions on the claim form.

## 12. When would I get my benefit?

The Court will hold a hearing on ____, **2009**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed before that time if their claim is denied. Please be patient.

50954854.2

## 13. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself ("opt out"), you are staying in the Settlement Class. If the Settlement Agreement becomes final, you can't sue, continue to sue, or be part of any other lawsuit against ASI about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. Attached to this Notice is a document titled "Release of Claims," which describes exactly the legal claims that Settlement Class Members will give up.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If instead of a payment or other benefit from this settlement, you want keep the right to sue or continue to sue ASI, on your own, about the legal issues in this case, then you must take steps to opt out of the settlement. This is called excluding yourself or opting out of the settlement Class.

## 14. How do I opt out of the settlement?

To exclude yourself from the settlement, you must completely fill out and send the Opt-Out Form enclosed with this Notice, postmarked no later than _____ **[45 days after Notice Date]**, to:

> Claims Administrator
> ASI Class Action
> P.O. Box 0000
> City, ST 00000-0000

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) ASI in the future. If you do sue ASI in the future, there is no guarantee that you will win. This settlement, and this Notice, are not an admission of any wrongdoing on ASI's part.

## 15. If I don't exclude myself, can I sue ASI for the same thing later?

No. Unless you exclude yourself, you give up the right to sue ASI for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____ **[45 days after Notice Date]**.

## 16. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form for any money from this settlement.

50954854.2

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court appointed the law firms of Hagens Berman Sobol Shapiro LLP, Christopher L. Brown, and J. Mitchell Clark, to represent you and other Settlement Class Members.  Together, the lawyers are called Class Counsel.  You will not be charged for these lawyers for their services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the Class Counsel be paid?

Class Counsel will ask the Court for attorneys' fees and expenses up to $450,000 to be paid out of the Settlement Fund.  Class Counsel will also ask the Court for $15,000 toward post-settlement fees and expenses, and a $10,000 award to the Class Representative, which will be paid separately, not out of the Settlement Fund.  ASI has agreed not to oppose any of these fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 19. How do I tell the Court that I object to the settlement?

If you are a Class Member, you can object to the settlement.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  Objections must be in writing and refer to *Ewing v. Administrative Systems, Inc.*, Case No. 08-cv-0797.  Be sure to include (i) your full name, address, telephone number, your signature, and the reasons you object to the settlement, (ii) all your grounds for objection including any legal support for the objection, (iii) copies of any papers, briefs or other documents upon which the objection is based, (iv) the identity of any lawyers who represent you with respect to the objection.

To be considered, your objection must be mailed to these three places postmarked no later than _____ [45 days after Notice Date]:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>Western District of Washington<br>700 Stewart Street<br>Seattle, WA  98101-1271 | Thomas E. Loeser<br>Hagens Berman Sobol Shapiro<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA, 98101 | Tim J. Filer<br>Foster Pepper, PLLC<br>1111 Third Avenue, 34th Floor<br>Seattle, WA  98101-3299 |

### 20. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be

part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## 21. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at ____ **a.m. on** _____, _____, **2009**, in Courtroom 13106 on the 13th Floor of the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

## 22. Do I have to come to the hearing?

No.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 23. May I or my lawyer speak at the hearing?

If you object to the settlement, you may also ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include the following items in addition to the four items listed in Paragraph #19 of this Notice:  (v) the identity of any lawyers who will represent you at the Fairness Hearing, (vi) a list of all persons who you intend to call to testify at the Fairness Hearing in support of the objection, (vii) a statement confirming whether you intend to testify at the Fairness Hearing, and (viii) a list of other class action cases in which you or your lawyer have appeared as settlement objectors or as counsel for settlement objectors in the preceding five (5) years.  You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing, you may nonetheless be eligible for free credit monitoring if you have not previously been offered this benefit by ASI.  However, you will not be able to claim augmented credit monitoring or the reimbursement benefits offered under this settlement unless you complete and mail a claim form.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against ASI about the legal issues in this case, ever again.

50954854.2

# GETTING MORE INFORMATION

**25. Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by visiting http://incident.asibpi.com/.

PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE

50954854.2

### *EWING v. ADMINISTRATIVE SYSTEMS INC.*
### ADDITIONAL INFORMATION CONCERNING
### RELEASE OF CLAIMS

As indicated in Paragraph 13 of the Class Notice, here is some additional information about the claims that Settlement Class Members will be giving up if the Court approves the Settlement Agreement.

1.      Upon the Effective Date, each Settlement Class Member shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.

2.      Settlement Class Members and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims.

3.      "Released Claims" means: any and all claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity; including, without limitation, under or based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Gramm-Leach-Bliley Act 15 U.S.C. § 6801 et seq., the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1301 et seq., the California Business & Professional Code § 17200 et seq., California Civil Code § 1798.80—84 et seq., California Civil Code § 1798.53, RCW 19.86.010 et seq., personal information protection statutes, notification statutes, third-party administrator statutes, or any similar federal, state or local statute, ordinance, or regulation, or in negligence, negligence per se, breach of contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation, unjust enrichment, bailment, or similar cause; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, constructive trust, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution and any other form of relief; that either have been asserted or could have been asserted by any Settlement Class Member against ASI or the Related Entities based on, relating to, concerning or arising out of the ASI Data Breach or the allegations, facts, or circumstances described in the Action, this Settlement Agreement, or the Notice. Released Claims include Unknown Claims. Released Claims include claims against the marital communities and estates, if any, of Related Entities. Released Claims do not include the right of any Settlement Class Member or ASI to enforce the terms of the settlement contained in this Settlement Agreement.

4.      "Unknown Claims" means: any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his or her favor at the time of the release of ASI and the Related Entities which, if known by him or her, might have affected his or her settlement with and release of ASI and the Related Entities, or might have affected his

or her decision not to object to and/or to participate in the settlement memorialized in this Settlement Agreement.

5.      "Related Entities" means: any and all of ASI's past or present directors, officers, owners, managers, employees, shareholders, principals, agents, representatives, customers, clients, brokers, attorneys, insurers, predecessors, successors, parents, subsidiaries, divisions and affiliates.

6.      With respect to any and all Released Claims, upon the Effective Date, Settlement Class Members shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

and also any and all provisions, rights, and benefits conferred by any statute, regulation or ordinance of the United States or any state, district, or territory of the United States, or political subdivision thereof, or principle of common law including but not limited to that set forth in *Jackson v. Miller*, 776 S.W.2d 115, 118 (Tenn. Ct. App. 1989), which is similar, comparable, or equivalent to California Civil Code § 1542. Settlement Class Members, including the Plaintiff, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part. Reference in this Paragraph to California Civil Code § 1542 or to the laws of other states does not indicate, and shall not be construed to demonstrate, an intention by the Settling Parties that the settlement or the Settlement Agreement are governed by California law or the law of any other state and does not extend any effect of such law to the Settling Parties or Class Members.

EXHIBIT C

*Ewing  v. Administrative Systems, Inc.*
United States District Court for the Western District of Washington Case No. 08-cv-0797
Proof of Claim Form

### Part 1:  Claim for Basic Monitoring Benefit

**Class Members who received an offer of free credit monitoring from ASI in February-March 2008 are not eligible for this benefit.  Eligible Class Members may make a claim for credit monitoring or for reimbursement, but not for both.**

Credit Monitoring:  To receive the free one-year credit monitoring benefit, go to [WEBSITE ADDRESS FROM VENDOR] and complete the application. You may also call [TOLL FREE #] and a copy of the credit monitoring application and instructions on how to complete and return it will be mailed to you.  To receive this benefit, you do not need to complete or return this form.

**To receive a benefit from this Class Action settlement beyond the credit monitoring benefit described above, you must follow the instructions in this Proof of Claim Form.   Information supporting your claims must be submitted by the deadline that applies to the requested benefit.  More information about the Class Action and the settlement is in the Notice that was mailed to you with this Proof of Claim Form.**

**You may copy this form, or download additional forms from the website at http://incident.asibpi.com.  If your Proof of Claim Form is postmarked after the deadline date, your claim is invalid.**

You may be required to submit additional documentation. Failure to provide all required information will make your form incomplete.

### Part 2:  Identifying information

1.   My name: _____
2.   My Address: _____
     City:_____State: _____Zip: _____
     Phone Number: _____
3.   Date of Birth: _____

Basic Monitoring Reimbursement:  ASI sent you a notice about the data breach in February 2008.  If you purchased credit monitoring within 60 days after that notice and want to make a claim for reimbursement, fill out this Proof of Claim Form and attach proof of purchase showing cost, date, cost, and name of provider and send the information to the Claims Administrator.

**DEADLINE:  The deadline for claiming Basic Monitoring or Reimbursement under Part 2 is _____, 2009.**

### Part 3:  Claim for Augmented Credit Monitoring

If unauthorized credit inquiries or attempts to get credit in your name were made because of the ASI Data Breach, you may claim an additional two years credit monitoring. Fill out this Proof of Claim Form, attach a written description and proof of the facts, including a credit report from Experian, Equifax, and/or TransUnion showing the inquiries and send the claim form and the information to the Claims Administrator.

**DEADLINE:  The deadline for claiming Augmented Credit Reporting under Part 3 is _____, 2010.**

### Part 4:  Claim for Identity Theft Reimbursement

If your identity was stolen and you incurred losses because of the ASI Data Breach, you may make a claim for reimbursement of those losses. To make that claim, fill out this Proof of Claim Form and attach evidence showing the facts, including:  (1) a police or FBI report of your complaint, (2) a record of a fraud alert request or security freeze request to Experian, Equifax, and/or TransUnion, (3) account record(s), invoices, collection notices, or other proof of how much you lost and (4) a statement of the amount you want to have reimbursed.  You must send this information to the Claims Administrator.

**DEADLINE: The deadline for claiming Identity Theft Reimbursement under Part 4 is _____, 2011.**

If you cannot provide the documents requested, you may attach substantially equivalent documentary proof and/or a written statement under penalty of perjury that you had but no longer have these documents.

### Part 5:  Mailing instructions
**You must send completed Proof of Claim Forms by U.S. Mail to: Claims Administrator, ASI Settlement, _____.  If your form has a postmark after the deadline for the benefit(s) you are applying for,  or if it is incomplete or illegible, you will not be eligible to receive a benefit. If you attempt to deliver the form in person or by any means other than U.S. Mail, it will not be accepted.**

### Part 6:  Attestation and Signature

1. I declare that I have not already been compensated for the claim(s) made in this Proof of Claim Form and have not submitted a different claim form for the same claim.
2. I acknowledge that I received, read and understood the Notice.  I understand this document is signed for proceedings in the Action.
3. I further acknowledge that the Court has personal jurisdiction over me for purposes of enforcing the Settlement Agreement in this Action, including the provisions of the Settlement Agreement that prohibit me from commencing, continuing or pursuing any of the Released Claims against ASI or the Related Entities.
4. By signing and submitting this Proof of Claim, I acknowledge and agree that I am bound by the terms of the Settlement Agreement, including the releases of my Released Claims.  I further acknowledge and agree that I will be bound by the Judgment in this Action if it becomes Final.

I acknowledge and attest under penalty of perjury under the laws of the United States that I have read and understand the Class Notice and all instructions on this Proof of Claim Form, and that all information I have provided on and with this form is true and correct.

_____          _____
Signature                                                          Date

EXHIBIT D

# EWING v. ADMINISTRATIVE SYSTEMS, INC.
## CASE NO. 08-cv-0797

---

## OPT-OUT FORM
## REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS

---

FILL OUT THIS FORM ONLY **IF YOU DO NOT WANT TO BE A PART OF THE SETTLEMENT CLASS** DESCRIBED IN THE ACCOMPANYING NOTICE OF PROPOSED CLASS ACTION SETTLEMENT.

IF YOU WANT TO BE **INCLUDED** IN THE SETTLEMENT CLASS, **YOU DO NOT NEED TO COMPLETE OR RETURN THIS FORM**

To **exclude** yourself from the Settlement Class, complete this form, sign it, and return it postmarked by _____, 2009, to Claims Administrator, ASI Settlement,  **[Address to be Determined]**.

I am_____, residing at
     Print:  first name, middle initial, last name

_____
Print street address

_____
City, state, and zip code

( ) _____
Telephone number

     I received, read and understood the Notice of Proposed Class Action Settlement and Final Settlement Approval Hearing in *Ewing  v. Administrative Systems, Inc.* Case No. 08-cv-0797.

     I wish to **exclude** myself from being a member of the Settlement Class.  I understand that I will not be entitled to any recovery under the proposed settlement or this case.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature

Dated this _____ day of _____, 2009.

S0954856.2

EXHIBIT E

The Honorable Richard A. Jones

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

BRENDA STOOTS EWING, on behalf of
herself and all others similarly situated,

                Plaintiff,

    v.

ADMINISTRATIVE SYSTEMS, INC.,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

No. C08-0797 RAJ

**[PROPOSED] ORDER AND
JUDGMENT GRANTING FINAL
APPROVAL TO CLASS ACTION
SETTLEMENT, APPROVING
AWARD OF FEES AND COSTS AND
DISMISSING CLAIMS WITH
PREJUDICE**

9
10
11
12
13
14

     On _____, 2008, this Court entered the Order Preliminarily Approving

Class Action Settlement, Conditionally Certifying Settlement Class And Approving Class Notice

("Preliminary Approval Order") that, among other things, (a) preliminarily approved a

Settlement Agreement dated December ___, 2008 (the "Settlement Agreement") between

Representative Plaintiff on behalf of herself and a proposed class, and the defendant

Administrative Systems, Inc. ("ASI"); (b) preliminarily certified the proposed Settlement Class

for the purposes of settlement only; (c) approved and directed the form, content, and method of

dissemination of the Notice to the potential members of the Settlement Class; and (d) set the date

for the Final Fairness Hearing as to the settlement.[1]

---

[1] Unless otherwise indicated, capitalized terms used in this Judgment have the meanings given to
them in the Settlement Agreement.

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 1
Case No. C08-0797 RAJ

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

The Court now has before it a motion requesting final approval of the Settlement Agreement. The Court held the Final Fairness Hearing on _____, 2009, to determine whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, to consider any objections to the Settlement Agreement. The Court also considered Class Counsel's application for an award of attorney fees, costs, and expenses and for an award to Plaintiff of a award for serving as the representative of the Settlement Class.

Having reviewed and considered the papers filed with this Court, the arguments of counsel, the written objections and comments of those who have appeared at the Final Fairness Hearing, and the record in these proceedings, and good cause having been shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     The Court has subject matter jurisdiction over this matter and all claims asserted in the Action against ASI. The Court has personal jurisdiction over the settling parties, including Settlement Class Members, and subject matter jurisdiction to approve the Settlement Agreement and the settlement.

2.     The Court has reviewed the form, content, and method of dissemination of the Notice given to the Settlement Class of the proposed settlement and their rights to opt out of the settlement or object to the terms of the Settlement Agreement. Notice has been properly given as required by the Preliminary Approval Order, the Class Action Fairness Act, 28 U.S.C. § 1715, and Fed. R. Civ. P. 23(e).

a.   Notice of the proposed settlement and the Final Fairness Hearing required by the Class Action Fairness Act, 28 U.S.C. § 1715, was provided as required by statute and by the Preliminary Approval Order.

b.   Notice of the Settlement Agreement and the Final Fairness Hearing was provided to the potential Settlement Class Members as ordered by the Court in its Preliminary Approval Order. The Claims Administrator mailed the Notice to the last known

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 2
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50950154.4

1   addresses for the Settlement Class Members.  ASI had previously mailed one or more notices to

2   the potential members of the Settlement Class and, in doing so, had updated the address

3   information reflected in its records.  The Claims Administrator again updated the addresses

4   before providing the Notice, further demonstrating that mailing the Notice was the best notice

5   practicable under the circumstances.  In addition, ASI posted the Notice and the Settlement

6   Agreement on a website, http://incident.asibpi.com, that it had established previously to provide

7   information and assistance to the Settlement Class Members.

8               c.   The Notice provided the potential Settlement Class Members with the

9   time and information necessary to make an informed decision about whether to participate in the

10   settlement and constituted due and sufficient notice of the Settlement Agreement and of the Final

11   Fairness Hearing.

12               d.   The form, content, and method of dissemination of the Notice comport

13   with all the requirements of Fed. R. Civ. P. 23 and state and federal standards of constitutional

14   due process as the best notice practicable under the circumstances of this case.  The Notice is

15   accurate and informed potential Settlement Class Members of the claims and defenses asserted in

16   the Action, the reasons for the settlement, their rights to opt out of or object to the settlement and

17   the effect on the Settlement Class Members' legal rights if the Judgment becomes Final and the

18   Effective Date occurs with regard to the Settlement Agreement.

19         3.      The  potential  Settlement  Class  Members  were  provided  a  full  opportunity  to

20   participate in the Final Fairness Hearing and all Settlement Class Members and other persons

21   wishing to be heard have been heard.  Accordingly, the Court determines that all of the potential

22   Settlement Class Members, except those who timely and properly excluded themselves from the

23   Settlement Class, are Settlement Class Members and are bound by the Settlement Agreement and

24   this Judgment.

25

26

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 3
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

4.      The Settlement Class (as defined in the Preliminary Approval Order) is granted final certification for settlement purposes.  The following Persons are members of the Settlement Class:

> All Persons, information as to whom is included in the Class Information, or who have or could have a right or interest as to such information derived from or arising out of a right or interest of such Persons.  Excluded from the definition of the Settlement Class are (i) ASI and its officers and directors; (ii) the Court presiding over any motion to approve this Settlement Agreement; and (iii) those Persons who timely and validly requested exclusion from the Class.

5.      Those persons who timely requested to be excluded from the Settlement Class are identified on a list attached hereto as Exhibit A (the "Opt-Outs").  The Opt-Outs are not bound by the Settlement Agreement or by this Judgment, and shall not receive any benefits under the Settlement Agreement.

6.      The Court grants final approval to the settlement and finds that it is fair, adequate, and reasonable, and in the best interests of the Settlement Class as a whole.  The parties entered into the Settlement Agreement in good faith.  The Representative Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Action and the settlement set forth in the Settlement Agreement.  The Settlement Agreement is the product of arm's-length, serious, informed, and non-collusive negotiations between Class Counsel and counsel for ASI.  The parties engaged in lengthy and detailed settlement discussions that included the exchange of information concerning the investigation into the theft of ASI's computer, the content of the Class Information, the response of affected individuals to the Pre-Litigation Notice and the Pre-Litigation Offer, and Class Counsel's investigation of the facts giving rise to the allegations made in the Action.  Class Counsel and counsel for ASI are knowledgeable and experienced in class action litigation and in the subject matter involved in this case.  The Court has considered and overruled the filed objections, if any.

7.      Representative Plaintiff, ASI, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.  The Settlement Agreement

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 4
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50950154.4

1    shall be deemed incorporated to this Judgment as if explicitly set forth within it and shall have

2    the full force and effect of an order of this Court.

3         8.      The Released Claims of Representative Plaintiff and each Settlement Class

4    Member are hereby extinguished as against ASI and the Related Entities.   Representative

5    Plaintiff and each Settlement Class Member shall be and hereby are conclusively deemed to have

6    fully, finally, and forever released, relinquished, and discharged all Released Claims against ASI

7    and the Related Entities upon the terms and conditions provided in the Settlement Agreement,

8    including that, with respect to any and all Released Claims, upon the Effective Date

9    Representative Plaintiff expressly shall have, and each of the other Settlement Class Members

10   shall be deemed to have, and by operation of the Settlement Agreement and the Judgment shall

11   have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542,

12   which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

16   and also any and all provisions, rights, and benefits conferred by any statute, regulation or

17   ordinance of the United States or any state, district, or territory of the United States, or political

18   subdivision thereof, or principle of common law including but not limited to that set forth in

19   *Jackson v. Miller*, 776 S.W.2d 115, 118 (Tenn. Ct. App. 1989), which is similar, comparable, or

20   equivalent to California Civil Code § 1542.   Settlement Class Members, including the

21   Representative Plaintiff, and any of them, may hereafter discover facts in addition to or different

22   from those that they, and any of them, now know or believe to be true with respect to the subject

23   matter of the Released Claims, but the Representative Plaintiff expressly shall have, and each

24   other Settlement Class Member shall be and hereby are conclusively deemed to have fully,

25   finally, and forever settled and released any and all Released Claims.   ASI and the

26

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 5
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50950154.4

1    Representative Plaintiff expressly have, and each other Settlement Class Member shall be and

2    hereby are conclusively deemed to have, acknowledged that the foregoing waiver is a material

3    element of the settlement of which this release is a part.

4         9.      This release is binding and effective on each Settlement Class Member and any of

5    their predecessors, successors, partners, parents, subsidiaries, affiliates, subrogees, custodians,

6    agents, assigns, representatives, marital communities, heirs, executors, trustees, administrators

7    and any other person or entity having any legal or beneficial interest in any Released Claim,

8    including Unknown Claims.

9         10.     Settlement Class Members shall be and hereby are permanently barred and

10   enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the

11   general public, or in any capacity, commencing, prosecuting, or participating in any proceedings

12   in this or any other forum (other than participation in the settlement as provided in the Settlement

13   Agreement and this Judgment) asserting any of the Released Claims against ASI or any of the

14   Related Entities.

15        11.     ASI shall be and hereby is conclusively deemed to have fully, finally, and forever

16   released, relinquished, and discharged, Representative Plaintiff and Class Counsel from claims

17   based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the

18   Action, except for enforcement of this Settlement Agreement as to such matters as pertain to

19   each of them.

20        12.     Neither this Judgment, the Preliminary Approval Order, the Settlement

21   Agreement, the settlement, nor any act performed or document executed pursuant to or in

22   furtherance of the Settlement Agreement or the settlement is or may be deemed to be or may be

23   used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of

24   any wrongdoing, fault, omission, or liability of ASI, any of the Related Entities, Representative

25   Plaintiff, or any of the Settlement Class Members.  The Settlement Agreement, the Preliminary

26   Approval Order and this Judgment and any related document, proceeding, action, report, or

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 6
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50950154.4

account, shall not be offered or received into evidence in any civil, criminal, or administrative proceeding, other than proceedings that may be necessary to enforce the Settlement Agreement, the releases granted in the Settlement Agreement, or this Judgment, or in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.   The Class Action Complaint and all the claims alleged in the Action are hereby dismissed with prejudice.

14.   The Court hereby awards attorneys' fees in the amount of $_____, costs and expenses in the amount of $_____, and a Representative Plaintiff award in the amount of $10,000 to Brenda Ewing. The Claims Administrator shall pay the attorney fees, costs, expenses, and Representative Plaintiff award to Class Counsel as provided in the Settlement Agreement.

15.   After payment of the award of attorney fees, costs and expenses and the Representative Plaintiff award, $_____ dollars will remain as the Net Settlement Fund, to be allocated among Costs of Claim Administration and for the satisfaction of Benefits Claims as provided in the Settlement Agreement. The Claims Administrator is authorized and directed to disburse benefits pursuant to the Settlement Agreement.

16.   All checks issued by the Claims Administrator out of the Net Settlement Fund to Settlement Class Members as reimbursement for purchasing Alternative Credit Monitoring or under a Benefit Claim for Identity Theft Reimbursement shall be valid for a period limited to ninety (90) days after the checks are issued, after which date those checks shall be void and will not be subject to being cashed or honored. Following the expiration of that 90 day period, the Claims Administrator shall not pay or honor such checks. These checks shall state on their face this limited period of validity.

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 7
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50950154.4

17.     The Claims Administrator is authorized to pay Benefit Claims as provided in the Settlement Agreement.  No Person shall have any claim against ASI, ASI's counsel, or Class Counsel, based on distributions of benefits made substantially in accordance with the Settlement Agreement and the settlement contained herein, or further order(s) of the Court.

18.     Amounts, if any, remaining in the Settlement Fund after the payment of the Costs of Claims Administration and all allowed Benefit Claims shall be paid by the Claims Administrator to ASI or its designee.

19.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the parties, including ASI, Representative Plaintiff, and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 8
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50950154.4

1    20.    If the Effective Date does not occur, as provided in the Settlement Agreement,

2  this Judgment and all orders entered in connection with the settlement shall be vacated and null

3  and void, the Parties shall return to their respective litigation positions as of the date immediately

4  preceding the entry of the Preliminary Approval Order, and the Court shall issue a new case

5  scheduling order after conducting a status conference with the parties.

6

7    Dated this _____ day of _____, 2009.

8

9                                                    _____
                                                     Honorable Richard A. Jones
                                                     United States District Court Judge

10  Presented by:

11  HAGENS BERMAN SOBOL SHAPIRO LLP

12

13

14  _____
    Steve W. Berman, WSBA #12536

15  Anthony D. Shapiro, WSBA #12824
    Thomas E. Loeser, WSBA #38701

16  Counsel for Representative Plaintiff
    and the Settlement Class

17

    Approved as to form; Notice of
18  Presentation Waived:

19  FOSTER PEPPER PLLC

20

21  _____
    Tim J. Filer, WSBA #16285

22  Attorneys for Defendant

23

24

25

26

[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL - 9
Case No. C08-0797 RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

50950154.4