1

HONORABLE RICHARD A. JONES

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

BRENDA STOOTS EWING, on behalf of
herself and all others similarly situated,

No. 08-CV-0797 RAJ

11

Plaintiff,

12

v.

13

ADMINISTRATIVE SYSTEMS, INC.,

14

Defendant.

**ORDER PRELIMINARILY
APPROVING AMENDED CLASS
ACTION SETTLEMENT,
CONDITIONALLY CERTIFYING
SETTLEMENT CLASS AND
APPROVING CLASS NOTICE**

15

16

Before the Court is a motion (Dkt. # 23) by Brenda Ewing ("Representative Plaintiff"),

requesting that the Court enter an Order: (1) preliminarily approving, pursuant to Fed. R. Civ. P.

17

18

23(e), the settlement set forth in the Amended Class Action Settlement Agreement and Exhibits

thereto (the "Amended Settlement Agreement"), which was filed with the Court on April 17,

19

20

2009, and supplemented on May 14, 2009, (2) approving the proposed form of notice ("Notice")

and the proposed method of providing the Notice to the potential members of the Settlement

21

22

Class; (3) appointing Trilegiant Corporation as the Claims Administrator, whose responsibilities

shall include, among other things, providing the Notice to the potential members of the

23

24

Settlement Class; (5) preliminarily certifying the Settlement Class for settlement purposes only;

(6) appointing Brenda Ewing as the Representative Plaintiff; (7) appointing Class Counsel; and

25

26

(8) scheduling a hearing to consider final approval of the settlement and related matters.

ORDER PRELIMINARILY APPROVING SETTLEMENT – 1
Case No. 08-0797-RAJ

1          Having reviewed and considered the Amended Settlement Agreement, the motion,

2    memorandum, the Joint Supplemental Brief in Support of Preliminary Approval of Settlement

3    (Docket Entry No. 26) and other material submitted in support of the request to preliminarily

4    approve the Amended Settlement Agreement, and having considered the arguments of counsel,

5    the Court preliminarily approves the settlement contained in the Amended Settlement

6    Agreement, as supplemented on May 14, 2009, on the terms and conditions set forth in this

7    Preliminary Approval Order.

8          The court directs that notice to class members in accordance with the Amended

9    Settlement Agreement shall take place by July 10, 2009.  The deadline is September 4 for class

10   members to opt out of the settlement class, object to the settlement, or submit written comments.

11   The final fairness hearing, wherein the court will consider final approval of the class settlement

12   as well as any motions for attorney fees and costs, will take place on September 23, 2009 at

13   10:00 a.m. in the courtroom of the undersigned judge.  The parties are directed to ensure that

14   these dates are inserted where appropriate in the notice to class members.  In addition, the parties

15   shall modify the deadlines in the proposed claim forms so that they state actual dates in

16   compliance with the Amended Settlement Agreement, and shall also insert a proper address for

17   the Claims Administrator.  When providing a declaration in accordance with paragraph 9 of the

18   following order, the parties shall provide copies of the notice form and claim forms that were

19   sent to class members.

20         The remainder of this order adopts the language of the parties' proposed preliminary

21   approval order, except for the insertion of dates.  Capitalized terms and phrases in this Order

22   shall have the same meaning as defined in the Amended Settlement Agreement.

23         **FINDINGS**

24         The Court makes the following findings of fact based on the terms and conditions of the

25   Amended Settlement Agreement and the other evidence before this Court, subject to final

26   consideration at the Final Fairness Hearing provided for below:

ORDER PRELIMINARILY APPROVING SETTLEMENT – 2
Case No. 08-0797-RAJ

1      1.       Definition of Settlement Class.

2      The Action was brought on behalf of all Persons about whom Class Information was

3 stored on the computer that was stolen in the ASI Security Breach.  The Settlement Class is

4 defined as:

> All Persons, information as to whom is included in the Class
> Information, or who have or could have a right or interest as to such
> information derived from or arising out of a right or interest of such
> Persons.  Excluded from the definition of the Settlement Class are (i)
> ASI and its officers and directors; (ii) the Court presiding over any
> motion to approve this Settlement Agreement; and (iii) those Persons
> who timely and validly request exclusion from the Class.

9      2.       Settlement Agreement Fairness.

10      a.      The Amended Settlement Agreement is the product of good faith, arm's-

11 length, serious, informed, and non-collusive negotiations between Class Counsel and counsel for

12 ASI.  The parties engaged in lengthy and detailed settlement discussions that included the

13 exchange of information concerning the investigation into the theft of ASI's computer, the

14 content of the Class Information, the response of affected individuals to the Pre-Litigation Notice

15 and the Pre-Litigation Offer, and Class Counsel's investigation of the facts giving rise to the

16 allegations made in the Action.  Class Counsel and counsel for ASI are knowledgeable and

17 experienced in class action litigation and in the subject matter involved in this case.

18      b.      Potential Settlement Class Members will have the opportunity to opt out

19 of the Settlement Class, and if they do not opt out, to object to the terms of the Amended

20 Settlement Agreement.

21      c.      Class Counsel are recommending that the Court approve the settlement set

22 forth in the Amended Settlement Agreement.

23      d.      The terms of the Amended Settlement Agreement are sufficiently within a

24 range of reasonableness as to justify preliminary approval and notification to the potential

25 members of the Settlement Class of the proposed settlement and to merit a hearing as to whether

26

ORDER PRELIMINARILY APPROVING SETTLEMENT – 3
Case No. 08-0797-RAJ

1  the settlement should be approved as fair, reasonable, adequate and in the interests of the

2  potential Settlement Class Members.

3         e.     Conditional certification for settlement purposes only of the Settlement

4  Class is appropriate under Fed. R. Civ. P. 23 (b)(3).

5         3.     <u>No Admission</u>.  The Amended Settlement Agreement does not constitute and

6  shall not be construed as an admission on the part of any of the Settling Parties.  Representative

7  Plaintiff continues to affirm her allegations and claims of fault and liability.  Defendant

8  continues to deny Representative Plaintiff's allegations and disclaims any fault or liability.

9         4.     <u>Form, Content, and Manner of Providing Notice</u>.  The Court has reviewed the

10  plan specified in the Amended Settlement Agreement for providing notice to potential members

11  of the Settlement Class of the proposed settlement and their rights to opt out of the settlement or

12  object to the terms of the Amended Settlement Agreement.  That plan and the form of the

13  proposed Notice comport with all the requirements of Fed. R. Civ. P. 23 and state and federal

14  standards of constitutional due process as the best notice practicable under the circumstances of

15  this case.  The Notice is accurate and informs the potential Settlement Class Members of the

16  claims and defenses asserted in the Action, the reasons for the settlement and the effect on the

17  Settlement Class Members' legal rights if the Judgment becomes final and the Effective Date

18  occurs with regard to the Amended Settlement Agreement.  The Court notes that ASI has

19  previously mailed one or more notices to the potential members of the Settlement Class and, in

20  doing so, has updated the addresses used in sending in the Notice, further supporting the finding

21  that mailing the Notice is the best notice practicable under the circumstances.  The timing of

22  notice in advance of the Final Fairness Hearing provides the potential Settlement Class Members

23  with the time and information necessary to make an informed decision about whether to

24  participate in the Settlement and constitutes due and sufficient notice of this Order and of the

25  Final Fairness Hearing.

26       **NOW, THEREFORE, IT IS HEREBY ORDERED:**

ORDER PRELIMINARILY APPROVING SETTLEMENT – 4
Case No. 08-0797-RAJ

1.     Having made the findings set forth above, the Court preliminarily certifies the Settlement Class for settlement purposes only in accordance with the terms of the Amended Settlement Agreement (the "Settlement Class"), pursuant to Fed. R. Civ. P. 23(b)(3) and 23(e).

2.     For purposes of holding the Final Fairness Hearing, the Court appoints Barbara Stoots Ewing as the representative for the proposed Settlement Class, for settlement purposes only.

3.     The Court preliminarily approves the settlement set forth in the Amended Settlement Agreement as fair, reasonable, and adequate under Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing.

4.     Anthony D. Shapiro and Thomas E. Loeser of Hagens Berman Sobol Shapiro LLP, Christopher L. Brown, J. Mitchell Clark and Robert J. Wozniak, Jr., of Freed Kanner London & Millen, LLC are appointed as co-lead counsel for the Settlement Class ("Class Counsel").

5.     The Final Fairness Hearing will be held on September 23 at 10:00 a.m., in Courtroom 13106 on the 13th Floor of the United States District Court for the Western District of Washington, U.S. Courthouse, United States Courthouse, 700 Stewart Street, Seattle, WA 98101-1271, to determine: (a) whether the settlement set forth in the Amended Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment as provided in the Amended Settlement Agreement should be entered dismissing the Action with prejudice and granting final approval of the settlement; and (c) if the settlement is approved, in what amount Class Counsel should be awarded attorneys' fees, costs and expenses and whether and in what amount Representative Plaintiff should receive an incentive award.  The Court may adjourn and/or continue the Final Fairness Hearing without further notice to potential Settlement Class Members.

1    6.    The Court approves the Notice as to form and content.  The Court approves the

2    plan for providing the Notice to the potential members of the Settlement Class.  The form of the

3    proposed Notice and the plan comport with all the requirements of Fed. R. Civ. P.  23 and state

4    and federal standards of constitutional due process as the best notice practicable under the

5    circumstances of this case.

6    7.    The Court approves of and appoints Trilegiant Corporation to perform the duties

7    of the Claims Administrator as set forth in the Amended Settlement Agreement.

8    8.    No later than July 10, 2009, the Claims Administrator will mail the Notice to each

9    of the potential Settlement Class Members at the most recent address known to the Claims

10   Administrator or to ASI or such updated address as may be obtained through the address

11   updating database maintained by the US Postal Service.

12   9.    No later than fourteen (14) calendar days before the Final Fairness Hearing, Class

13   Counsel and ASI shall file with the Court one or more declarations stating that, in accordance

14   with the terms of this Order, the Notice was provided by timely mailing it to potential Settlement

15   Class Members at their last known addresses.

16   10.   ASI shall comply with the obligation to give notice under CAFA, 28 U.S.C.

17   § 1715, in connection with the proposed settlement.  No later than fourteen (14) calendar days

18   before the Final Fairness Hearing, counsel for ASI shall file with the Court one or more

19   declarations stating that ASI has complied with its notice obligations under 28 U.S.C. § 1715.

20   11.   Class Counsel shall file with the Court and serve on counsel for ASI the

21   application for attorney's fees and costs and a memorandum in support of final approval of the

22   Settlement Agreement no later than fourteen (14) calendar days before the Fairness Hearing.

23   12.   Each Person wishing to opt out of the Settlement Class shall individually sign and

24   timely submit an Opt-Out Request to a designated Post Office Box established by the Claims

25   Administrator, as set forth in the Notice.  To be effective, the Opt-Out Request must be

26   postmarked no later than September 4, 2009.

ORDER PRELIMINARILY APPROVING SETTLEMENT – 6
Case No. 08-0797-RAJ

13.     Within ten (10) calendar days after the deadline for Persons to opt out of the Settlement Class, the Claims Administrator shall furnish to Class Counsel and to counsel for ASI a complete list of all timely and valid Opt-Out Requests (the "Opt-Out List").

14.     If the Effective Date occurs, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be Settlement Class Members and shall be bound by the terms of the Amended Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Amended Settlement Agreement.

15.     All Persons who submit valid and timely Opt-Out Requests shall not gain any rights or benefits by virtue of or be bound by the terms of the Amended Settlement Agreement, and shall not be entitled to object to any aspect of the Amended Settlement Agreement.

16.     Settlement Class Members who qualify for and wish to submit a Benefit Claim under the Amended Settlement Agreement shall do so in accordance with the requirements and procedures of the Amended Settlement Agreement.  Settlement Class Members who fail to submit a Benefit Claim in accordance with the requirements and procedures of the Amended Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Amended Settlement Agreement, the releases contained therein and the Judgment.

17.     Each Settlement Class Member wishing to object to the settlement shall submit a timely written notice of his objection as required by the Amended Settlement Agreement.  Such notice shall state: (i) the objector's full name, address, telephone number and e-mail address, (ii) a written statement of all grounds for the objection accompanied by any legal support for the objection, (iii) copies of any papers, briefs or other documents upon which the objection is based, and (iv) the identity of all counsel representing the objector.  If such Member intends to attend the Final Fairness Hearing, the notice shall also state: (v) the identity of all counsel representing the objector who will appear at the Fairness Hearing, (vi) a list of all persons who will be called

1  to testify at the Fairness Hearing in support of the objection, (vii) a statement confirming whether

2  the objector intends to testify at the Fairness Hearing, (viii) a list of other class action cases in

3  which the objector or objector's counsel have appeared as settlement objectors or as counsel for

4  settlement objectors in the preceding five (5) years, and (ix) the objector's signature or the

5  signature of the objector's duly authorized attorney or other duly authorized representative.  To

6  be timely, written notice of an objection must be filed, or placed in the mail for filing, with the

7  Clerk of the United States District Court for the Western District of Washington, U.S.

8  Courthouse, United States Courthouse, 700 Stewart Street, Seattle, WA 98101-1271, no later

9  than September 4, 2009, and must be served by that same date upon Class Counsel at: Thomas E.

10  Loeser, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA,

11  98101; and on counsel for ASI at:  Tim J. Filer, Foster Pepper PLLC, 1111 Third Avenue, Suite

12  3400, Seattle, WA 98101.

13       18.     All discovery and pretrial deadlines and proceedings in this Action are stayed and

14  suspended until further order of this Court.  Pending the outcome of the Final Fairness Hearing,

15  no potential Settlement Class Member, either directly, representatively, or in any other capacity,

16  shall institute, commence, or prosecute any of the Released Claims in any action or proceeding

17  in any court or tribunal.

18       19.     The Parties have entered into a Memorandum of Understanding, an original

19  Settlement Agreement and the Amended Settlement Agreement.  These documents, the

20  settlement terms contained therein, and any act performed or document executed pursuant

21  thereto: (a) are not and shall not be deemed to be, and may not be used as an admission of, or

22  evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability

23  of ASI; and (b) are not or and shall not be deemed to be, and may not be used as an admission of,

24  or evidence of, any fault or omission of ASI, in any civil, criminal, or administrative proceeding

25  in any court, administrative agency, or other tribunal.

26

ORDER PRELIMINARILY APPROVING SETTLEMENT – 8
Case No. 08-0797-RAJ

20.     If the Court does not grant final approval of the Amended Settlement Agreement, the settlement set forth in the Amended Settlement Agreement is terminated in accordance with its terms, or the Effective Date does not occur for any reason, this Preliminary Approval Order and any judgment or order entered by the Court in accordance with the terms of the Amended Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and the parties shall return to their respective litigation positions as of the date immediately prior to its entry, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any party. In such event, the terms and provisions of the Amended Settlement Agreement, other than those relating to the return of the Settlement Fund to ASI and the judgment credit provided for in Amended Settlement Agreement Paragraph 10.4 shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

IT IS SO ORDERED.

Dated this 8th day of June, 2009.

The Honorable Richard A. Jones
United States District Judge

ORDER PRELIMINARILY APPROVING SETTLEMENT – 9
Case No. 08-0797-RAJ