The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA STOOTS EWING, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ADMINISTRATIVE SYSTEMS, INC.,<br><br>　　　　　　　　　　　　Defendant. | No. C08-0797 RAJ<br><br>MOTION FOR FINAL APPROVAL OF THE SETTLEMENT<br><br>**NOTE ON MOTION CALENDAR:<br>September 23, 2009** |

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT
Case No. C08-0797-RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010053-11  326413 V2

**TABLE OF CONTENTS**

**PAGE**

I. PRELIMINARY STATEMENT ........................................................................................1

II. PROCEDURAL HISTORY...............................................................................................2

    A. Background ...........................................................................................................2

    B. Preparation and Filing of the Complaint................................................................2

III. ARGUMENT .....................................................................................................................3

    A. The Standards for Judicial Approval of Class Action Settlements.........................3

    B. The Settlement Meets the Ninth Circuit Standard for Approval ............................4

        1. This case was meritorious, but entailed risks..............................................4

        2. The risk, expense, complexity, and likely duration of further litigation......5

        3. The amount obtained in Settlement .............................................................6

        4. The extent of discovery completed, and the stage of the proceedings.........7

        5. The experience and views of Class Counsel and Representative Plaintiff ..........................................................................................................7

        6. Reaction of the Class Members to the Proposed Settlement .......................8

        7. The Settlement is the product of arm's-length negotiations .......................9

    C. The Settlement Provided Adequate Notice to the Class ........................................9

IV. CONCLUSION................................................................................................................10

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT- i
Case No. C08-0787-RAJ

010053-11  326413 V2



1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

# TABLE OF AUTHORITIES

**Page**

## CASES

*Franklin v. Kaypro Corp.*,
　　884 F.2d 1222 (9th Cir. 1989) ........................................................................................3

*Granada Invest., Inc. v. DWG Corp.*,
　　962 F.2d 1203 (6th Cir. 1992) ........................................................................................6

*Hughes v. Microsoft Corp.*,
　　2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 21, 2001) ..........................................10

*Linney v. Cellular Alaska P'Ship*,
　　151 F.3d 1234 (9th Cir. 1998) ........................................................................................6

*Lundell v. Dell, Inc.*,
　　2006 U.S. Dist. LEXIS 90990 (N.D. Cal. Dec. 5, 2006) ..............................................3, 9

*In re Mego Fin. Corp. Sec. Litig.*,
　　213 F.3d 454 (9th Cir. 2000) ..................................................................................3, 4, 5

*Newman v. Stein*,
　　464 F.2d 689 (2d Cir. 1972)............................................................................................6

*Officers for Justice v. Civil Serv. Comm'n*,
　　688 F.2d 615 (9th Cir. 1982) ......................................................................................4, 6

*In re Omnivision Techs.*,
　　559 F. Supp. 2d 1036 (N.D. Cal. 2007) .......................................................................7, 8

*In re Pacific Enters. Sec. Litig.*,
　　47 F.3d 373 (9th Cir. 1995) ............................................................................................7

*In re Portal Software, Inc. Sec. Litig.*,
　　2007 U.S. Dist. LEXIS 88886 (N.D. Cal. Nov. 26, 2007)..............................................7

*Rodriguez v. West Publ'g Corp.*,
　　2007 U.S. Dist. LEXIS 74767 (C.D. Cal. Sept. 10, 2007),
　　*aff'd in part, reversed in part on other grounds*, 563 F.3d 948 (9th Cir. 2009) ..................7

*Rodriguez v. West Publ'g Corp.*,
　　563 F.3d 948 (9th Cir. 2009) ..........................................................................................3

*Santos v. Camacho*,
　　2008 U.S. Dist. LEXIS 35991 (D. Guam Apr. 23, 2008) ...............................................7

*Staton v. Boeing Co.*,
　　327 F.3d 938 (9th Cir. 2003) ..........................................................................................3

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT- ii
Case No.  C08-0787-RAJ

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

010053-11  326413 V2

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ...................................................................................3

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982)........................................................................................4

**STATUTES**

15 U.S.C. § 1681 *et seq.*...........................................................................................................2

**MISCELLANEOUS**

4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 (4th ed. West 2008)...............5

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT- iii
Case No.  C08-0787-RAJ

010053-11  326413 V2



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

Pursuant to the Court's June 8, 2009, order granting preliminary approval of the settlement, Plaintiff Brenda Stoots Ewing ("Plaintiff" or "Ms. Ewing") hereby submits her motion for approval of the proposed Settlement of this Class Action.

## I.  PRELIMINARY STATEMENT

As the result of Ms. Ewing's vigorous prosecution of the case and arm's-length settlement negotiations, a proposed settlement that benefits the Class was achieved. Plaintiff submits this motion pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence.

The Settlement is an excellent result for the Class and confers both prophylactic and compensatory benefits. In reaching the Settlement, Class Counsel and Ms. Ewing considered the numerous risks of continued litigation against Defendant. Even though Class Counsel believe that the Action has substantial merit, it involves complex legal, factual and accounting issues, which could create difficulties presenting evidence at trial. For example, identity theft is widespread and it is difficult to determine the source of information that may be used to steal a person's identity, which undermine the claims for damages. Accordingly, Class Counsel believe that the credit monitoring and reimbursement benefits the Settlement provides the Class outweigh the risks of continued litigation.

Following multiple requests for additional information which also led to the amendment of the Settlement to the greater benefit of the Class, the Court granted preliminary approval of the Settlement and granted certification of the Class – for settlement purposes on June 8, 2009. The Court also authorized the claims administrator to send Notice of the proposed Settlement to potential Class members. The deadline for Class members to file objections to the Settlement and the fee and expense application expired on September 4, 2009. To date, Class Counsel and the Court have only received two objections.[1]

---

[1] Letter from Candyce Conley requesting a $50,000 payment (Dkt. # 36) and letter from Geri Truszynski objecting to the selection of Trilegiant Corp. as claims administrator (Dkt. # 37).

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 1
Case No.  C08-0787-RAJ

010053-11 326413 V2

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## II.   PROCEDURAL HISTORY

### A.   Background

Plaintiff filed this action against Defendant ASI on May 22, 2008.  The Complaint alleged general negligence and a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, after a desktop computer belonging to ASI, containing certain personal information about Plaintiff and approximately 550,000 other individuals, had been stolen on or about December 27, 2007 (the "ASI Data Breach").  Plaintiff alleged that as a consequence of Defendant's failure to protect their Personal Information, Plaintiff and the putative Class incurred costs and expenses to safeguard their personal information and were faced with the substantial risk that they would become victims of personal identity theft and thereby suffer financial loss and other significant harm.

The information on the stolen computer included personal information about the affected individuals, including names, dates of births, addresses and social security numbers, and in some cases, bank account numbers and/or medical history information (the "Class Information").

### B.   Preparation and Filing of the Complaint

Before filing suit, Class Counsel thoroughly reviewed and analyzed all available information regarding ASI, including press releases, and reports about the Company in the media.  Class Counsel also thoroughly researched and evaluated the viability of federal and state causes of action for damages flowing from the Data Breach.  Ms. Ewing filed her Class Action Complaint (the "Complaint") on May 30, 2008, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and general negligence.

Over negotiations in person and by telephone spanning nearly six months, the parties agreed to settle the Action on terms that provide credit monitoring free of charge to all affected Class members for at least one year and a second year should unauthorized credit inquiries be made.  The settlement also provides for reimbursement of costs to procure credit monitoring and expenses associated with identity theft stemming from the Data Breach.

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 2
Case No.  C08-0787-RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010053-11  326413 V2

### III.     ARGUMENT

**A.     The Standards for Judicial Approval of Class Action Settlements**

It is well established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution," especially in class action law suits. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Class actions readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation. It is beyond question that "there is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989).

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class action may be settled upon notice of the proposed settlement to class members, and a court finding, after a hearing, that the Settlement is fair, reasonable and adequate. Final approval of a class action settlement is warranted if the interests of the class will be better served by resolution of the litigation than by continued litigation. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 938, 964 (9th Cir. 2009).

A court's role in settlement approval is essentially twofold, determining whether the settlement: (i) is tainted by fraud or collusion; and (ii) is fair, reasonable and adequate. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).

In exercising its discretion to approve the settlement of a class action, a district court typically considers (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount offered in settlement; (4) the stage of the proceedings and the extent of discovery completed; (5) the experience and views of counsel; (6) the reaction of the class members to the proposed settlement; and (7) whether the settlement is the product of an adversarial, arm's-length negotiation. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Lundell v. Dell, Inc.*, 2006 U.S. Dist. LEXIS 90990, at *8 (N.D. Cal. Dec. 5, 2006). It should not, however, adjudicate the merits of the case. *Rodriguez*,

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 3
Case No. C08-0787-RAJ

010053-11  326413 V2



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

563 F.3d at 964. As the Ninth Circuit has noted, the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits:

> Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982) ("in order to avoid a trial, the judge must [not] in effect conduct one").

A finding that this Settlement is reasonable is fully warranted because the Settlement is the product of arm's-length negotiations which occurred over a period of nearly six months. Following inquiry by the Court, the Settlement negotiations were re-opened by the parties and further benefits were obtained for the Class. This Settlement is a fair, reasonable, and adequate resolution of the litigation and warrants this Court's approval. *See* Declaration of Thomas E. Loeser in Support of Motion for Final Approval of Settlement and Motion for Approval of Attorneys' Fees and Expenses ("Loeser Decl.") ¶¶ 21-22, 26-33.

**B.  The Settlement Meets the Ninth Circuit Standard for Approval**

**1.  This case was meritorious, but entailed risks**

The stage of the proceedings and the amount of information available to the parties to assess the strengths and weaknesses of their case is one factor that courts consider in determining the fairness, reasonableness, and adequacy of a settlement. *See Mego Fin.*, 213 F.3d at 459. Class Counsel believe that the settlement terms compare favorably to the risks associated with continued litigation. Class Counsel conducted an extensive investigation and analysis of the claims. Their efforts included: (1) an exhaustive factual investigation into the events and circumstances underlying the claims in the Complaint, including reviewing and analyzing all relevant publicly available media; (2) extensively researching the viability of claims under the
MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 4
Case No. C08-0787-RAJ

010053-11 326413 V2



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

FCRA and state law; and (3) drafting a detailed Complaint.  Class Counsel also performed additional analyses and valuations of the claims and risks presented, and conferred regarding the potential scope of class-wide damages.  As a result, Class Counsel gained a comprehensive understanding of the strengths and weaknesses of the case.  *See* Loeser Decl., ¶ 23.

The Settlement provides Class members with immediate protection from identity theft for one year at no cost to Class members.  Where Class members have already procured such protection, the Settlement provides reimbursement.  A second year of credit monitoring is provided should there be evidence of unauthorized credit inquiries.  In the event a Class member falls victim to identity theft, the Settlement provides for up to $2,500 in reimbursement for out-of-pocket expenses.[2]  Balanced against that definite result are the numerous uncertainties this case faced.  If settlement had not been reached, there was a real possibility that the Class would have received no recovery.  Thus, based on Class Counsel's extensive experience, Class Counsel believe that the Settlement fairly resolves the issues in this case.  *See Mego Fin.*, 213 F.3d at 459 (finding parties could identify strengths and weaknesses of claims without formal discovery because "in the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement") (quoting *Linney v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

**2.   The risk, expense, complexity, and likely duration of further litigation**

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 (4th ed. West 2008).

---

[2] This benefit is capped at an aggregate value of $100,000.  However the credit monitoring benefits are uncapped, that is, all eligible persons who claim such benefits will be entitled to receive them.

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 5
Case No.  C08-0787-RAJ

010053-11  326413 V2



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  As articulated in the Loeser Declaration, although Plaintiff believes that the case against Defendant is strong – and negotiated the Settlement on that basis – Defendant nevertheless had a number of defenses.  Loeser Decl., ¶¶ 21-23.  Defendant could have prevailed in a motion to dismiss.  And the claims could have been dismissed on summary judgment, or failed ultimately at trial.

Instead of the lengthy, costly, and uncertain course of further litigation with Defendant, the Settlement provides an immediate and certain recovery for the Class.  Accordingly, the Settlement clearly outweighs the substantial risks associated with continued litigation.

### 3. The amount obtained in Settlement

The determination of a "reasonable" settlement is not susceptible to a mathematical equation yielding a particularized sum.  Rather, "in any case there is a range of reasonableness with respect to a settlement."  *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  While weaknesses in this case might have yielded less or no recovery after trial, the possibility that the Class "might have received more if the case had been fully litigated is no reason not to approve the settlement."  *Granada Invest., Inc. v. DWG Corp.*, 962 F.2d 1203, 1206 (6th Cir. 1992) (citation omitted); *Officers for Justice*, 688 F.2d at 625 ("The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.").  In fact, a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial.  *Linney v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Here, it is difficult to quantify the full extent of damages that could result from the Data Breach.  The settlement provides protection to Class members in case theft of identity occurs at a later time.  Further, in the event a Class member is a victim of identity theft, out-of-pocket expenses up to $2,500 are available under the Settlement.

The Settlement confers an immediate and valuable cash benefit to eligible Class members.  Given the complexities of this litigation and the continued risks if the parties were to

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 6
Case No.  C08-0787-RAJ

010053-11  326413 V2



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1 proceed through the motions to dismiss, discovery and trial, the Settlement presents a reasonable
2 resolution of this Action and eliminates the risk that the Class might not otherwise recover.

3 **4.    The extent of discovery completed, and the stage of the proceedings**

4 In this case, Class Counsel were fully aware of the strengths and weaknesses of the case.
5 Class Counsel conducted a thorough investigation and analysis of the merits of the claims,
6 including review of numerous authorities and significant cases concerning data theft, review of
7 press releases and other publicly disseminated information, consultation with noted authorities to
8 identify the potential scope of damages in the case, research of the law regarding the claims and
9 possible defenses, a complete analysis of each side's claims and defenses, and participation in an
10 extended face-to-face and telephonic settlement negotiation. *See* Loeser Decl., ¶¶ 21-33. This
11 Settlement is based upon adequate information and a sufficient investigation for an in-depth
12 analysis of the Class's claims.

13 **5.    The experience and views of Class Counsel and Representative Plaintiff**

14 "The recommendations of plaintiffs' counsel should be given a presumption of
15 reasonableness." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (citation
16 omitted). This makes sense, as counsel is "most closely acquainted with the facts of the
17 underlying litigation," *Santos v. Camacho*, 2008 U.S. Dist. LEXIS 35991, at *89 (D. Guam Apr.
18 23, 2008), and the "[p]arties represented by competent counsel are better positioned than courts
19 to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re
20 Pacific Enters. Sec. Litig.*, 47 F.3d at 378.[3] Thus, "'the trial judge, absent fraud, collusion, or the
21 like, should be hesitant to substitute its own judgment for that of counsel.'" *Santos,* 2008 U.S.
22 Dist. LEXIS 35991, at *90 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

---

[3] *See also Rodriguez v. West Publ'g Corp.*, 2007 U.S. Dist. LEXIS 74767, at *30 (C.D. Cal. Sept. 10, 2007) *aff'd in part, reversed in part on other grounds*, 563 F.3d 948 (9th Cir. 2009) (investigation sufficient to enable counsel and the court to act intelligently supports approval); *In re Portal Software, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 88886, at *10 (N.D. Cal. Nov. 26, 2007) (counsel's pre-filing investigation, locating and interviewing witnesses, research, and opposing defendant's motion to dismiss supports approval).

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 7
Case No. C08-0787-RAJ

010053-11 326413 V2

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   This Action has been litigated by experienced and competent counsel on both sides.
2   Class Counsel have many years of experience in litigating class actions nationwide, and in
3   assessing the relevant merits of each side's case.[4]  Further, Defendant was ably represented by
4   Foster Pepper PLLC, a nationally recognized firm with an abundance of experience in class
5   action litigation.  It is Class Counsel's informed opinion that, given the uncertainty and further
6   substantial expense of pursuing this Action through the motions to dismiss, discovery, trial and
7   possible appeals, the proposed Settlement is fair, reasonable, adequate and in the best interests of
8   the Class.  *See* Loeser Decl., ¶¶ 18-23, 26-33, 55.

**6.   Reaction of the Class Members to the Proposed Settlement**

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *Omnivision*, 559 F. Supp. 2d at 1043 (citation omitted).  The deadline for Class members to file their requests to exclude themselves from the Settlement or to object to any aspect of the Settlement, or Class Counsel's fee and expense request expired on September 4, 2009.  The claims administrator mailed 549,023 Notice packages to potential Class members.  Declaration of Claims Administrator Re Notice to Settlement Class Members ("Lukens Decl."), ¶¶ 4-5, filed contemporaneously with this motion.  To date, there have been 2,126 requests for exclusions, *id.*, ¶ 7.  The opt-outs comprise just four-tenths of one percent of the Class members.  Loeser Decl., ¶ 25.  The favorable reaction of the Class further supports approval of the Settlement.

There are only two known objectors:  Candyce Conley has procured her own credit monitoring (at a cost in excess of $400 per year) and requests a payment of $50,000.[5]  Geri

---

[4] *See* Firm Resumes, attached as Ex. A to the Loeser Decl.

[5] *See* Dkt. # 36.

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 8
Case No.  C08-0787-RAJ



1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010053-11  326413 V2

Truszynski, objects to the selection of Trilegiant Corp as claims administrator and provider of the credit monitoring benefits.[6]

### 7. The Settlement is the product of arm's-length negotiations

The Settlement was the product of extensive, hard-fought negotiations between Representative Plaintiff and Defendant. The process included face-to-face meetings and extensive telephonic conferences. These arm's-length negotiations support approval of the Settlement. *See Lundell*, 2006 U.S. Dist. LEXIS 90990, at *8 (approving class action settlement that was "the result of intensive, arms'-length negotiations between experienced attorneys familiar with the legal and factual issues of this case").

In addition, the credit monitoring benefits are uncapped, meaning all who seek such benefits will receive them, foreclosing *ab initio* any possibility that the Settlement was negotiated or designed to confer a disproportionate or unjustified benefit upon Representative Plaintiff or any other group within the Class.

## C. The Settlement Provided Adequate Notice to the Class

The Court's Order preliminarily approving settlement and providing for notice was entered on June 8, 2009, and directed the claims administrator, no later than July 10, 2009, to cause the mailing of the Notice packet to all Class members. Nearly 550,000 Notice packets have been mailed to potential Class members. *See* Lukens Decl., ¶¶ 4-6. This method of giving notice, previously approved by the Court, is appropriate because it directs notice in a "reasonable manner to all class members who would be bound by the propos[ed judgment]." Fed. R. Civ. P. 23(e)(1).

The Notice advises Class members of the essential terms of the Settlement, sets forth the procedure for objecting to the Settlement, and provides specifics on the date, time and place of the final approval hearing. The Notice also contains information regarding Class Counsel's fee

---

[6] *See* Dkt. # 37.

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 9
Case No. C08-0787-RAJ

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
010053-11  326413 V2
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  application.  Thus, the Notice provides the necessary information for Class members to make an
2  informed decision regarding the proposed Settlement.  The Notice fairly apprises Class members
3  of their rights with respect to the Settlement and is therefore the best notice practicable under the
4  circumstances and complied with the Court's preliminary approval Order, Federal Rule of Civil
5  Procedure 23, and due process.  *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at
6  *3-4 (W.D. Wash. Mar. 21, 2001) (approving similar notice regimen) (citing *Silber v. Mabon*, 18
7  F.3d 1449, 1454 (9th Cir.1994)).

### IV.   CONCLUSION

For the foregoing reasons, Representative Plaintiff respectfully requests that the Court grant final approval of the Settlement, and enter the proposed Order and Judgment Granting Final Approval to Class Action Settlement, Approving Award of Fees and Costs and Dismissing Claims With Prejudice.

Dated: September 9, 2009

HAGENS BERMAN SOBOL SHAPIRO LLP


By:  s/ Thomas E. Loeser
    Anthony D. Shapiro, WSBA #12824
    Thomas E. Loeser, WSBA #38701
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
tony@hbsslaw.com
toml@hbsslaw.com

Steven A. Kanner
Douglas A. Millen
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:(224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 10
Case No.  C08-0787-RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010053-11  326413 V2

| | |
|---|---|
| 1 | |
| 2 | J. Mitchell Clark<br>**LAW OFFICES OF J. MITCHELL CLARK** |
| 3 | Mail Address:<br>P.O. Box 2701 |
| 4 | Corpus Christi, TX 78403<br>Telephone: (361) 887-8500 |
| 5 | Facsimile:  (361) 882-4500<br>Mitchell@txverdict.com |
| 6 | Physical Address: |
| 7 | Frost Bank Plaza, Suite 2100<br>802 N. Carancahua |
| 8 | Corpus Christi, TX 78470 |
| 9 | Christopher L. Brown<br>**LAW OFFICE OF** |
| 10 | **CHRISTOPHER L. BROWN**<br>7518 Enterprise Ave. |
| 11 | Memphis, TN  38138<br>Telephone:(901) 759-3900 |
| 12 | Facsimile: (901) 751-1135<br>chris@clbrownlaw.com |
| 13 | |
| 14 | Attorneys for Plaintiff and the proposed Class |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 11
Case No.  C08-0787-RAJ

010053-11  326413 V2

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the following **Electronic Mail Notice List**.

   /s/ Thomas E. Loeser
THOMAS E. LOESER
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
toml@hbsslaw.com

**ELECTRONIC MAIL NOTICE LIST**

- **Christopher L. Brown**
  chris@clbrownlaw.com
- **Mitchell J. Clark**
  mitchell@txverdict.com
- **Christopher G. Emch**
  emchc@foster.com,pateb@foster.com
- **Tim J. Filer**
  FileT@Foster.com,HoweJ@Foster.com
- **Gavin C. Gaukroger**
  gaukg@foster.com,salee@foster.com
- **Emanuel Fraser Jacobowitz**
  jacoe@foster.com,hickc@foster.com
- **Thomas E. Loeser**
  TomL@hbsslaw.com,dawn@hbsslaw.com
- **Douglas A. Millen**
  dmillen@fklmlaw.com
- **Anthony D. Shapiro**
  tony@hbsslaw.com,laurie@hbsslaw.com,dawn@hbsslaw.com
- **Robert J. Wozniak**
  rwozniak@fklmlaw.com

MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT - 12
Case No.  C08-0787-RAJ



1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010053-11  326413 V2