1

The Honorable Richard A. Jones

2

3

4

5

6

7  UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  BRENDA STOOTS EWING, on behalf of
herself and all others similarly situated,

10                                        No. C08-0797 RAJ

                           Plaintiff,

11                                        **PLAINTIFF'S MOTION FOR AWARD
OF FEES AND COSTS**

12        v.

                                          **NOTE ON MOTION CALENDAR:
September 23, 2009**

13  ADMINISTRATIVE SYSTEMS, INC.,

                           Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No. C08-0797-RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

010053-11  326414 V1

# TABLE OF CONTENTS

**PAGE**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     THE REQUESTED ATTORNEYS' FEES ARE FAIR AND REASONABLE................3

    A.    A Reasonable Percentage of the Benefits Conferred Upon the Class is an
          Appropriate Approach to Awarding Attorneys' Fees in Common Fund Cases ......3

    B.    The Appropriate Measure of the Common Fund is the Value to Class
          Members, not the Cost to Defendant ......................................................................3

    C.    The Fee Requested Here is Reasonable ..................................................................5

    D.    Consideration of the Relevant Factors Used by Courts in the Ninth Circuit
          Justifies Class Counsel's Requested Fee Award .....................................................6

        1.    The results achieved...............................................................................6

        2.    Risks of litigation...................................................................................8

        3.    The skill required and quality of the work performed ................................8

        4.    The contingent nature of the fee and the financial burden carried
            by Class Counsel.....................................................................................9

        5.    Awards made in similar cases.................................................................10

        6.    Reaction of the Class supports the fees and expenses sought....................11

        7.    The lodestar crosscheck confirms the reasonableness of the
            requested fee .........................................................................................12

III.    CLASS COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY
      INCURRED TO ACHIEVE THE BENEFIT OBTAINED FOR THE CLASS................12

IV.     POST-SETTLEMENT FEES AND REPRESENTATIVE PLAINTIFF AWARD ..........14

V.      CONCLUSION...................................................................................15

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – i



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

010053-11  326414 V1

1

## TABLE OF AUTHORITIES

<u>Page</u>

2

### CASES

3

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ...................................................................10

*Blum v. Stenson*,
    465 U.S. 886 (1984)..............................................................................................11

*Cook v. Niedert*,
    142 F.3d 1004 (7th Cir. 1998) .............................................................................15

*In re Equity Funding Corp. Sec. Litig.*,
    438 F. Supp. 1303 (C.D. Cal. 1977) ......................................................................9

*Gerstein v. Micron Tech. Inc.*,
    1993 U.S. Dist. LEXIS 21215 (D. Idaho Sept. 10, 1993)......................................3

*In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, ,
    2005 U.S. Dist. LEXIS 13627 (C.D. Cal. June 10, 2005) .................................6, 8

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
    194 F.R.D. 166 (E.D. Pa. 2000)...........................................................................11

*Ingram v.  Coca-Cola Co.*,
    200 F.R.D. 685 (N.D. Ga. 2001) .........................................................................15

*Kirchoff v. Flynn*,
    786 F.2d 320 (7th Cir. 1986) ...........................................................................3, 11

*Knight v. Red Door Salons, Inc.*,
    2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) ...................................8, 10

*Mark v. Valley Ins. Co.*,
    2004 U.S. Dist. LEXIS 20602 (D. Or. Oct. 6, 2004)........................................6, 10

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) ....................................................................13

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ...............................................................................15

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ...................................................... *passim*

*In re Oracle Sec. Litig.*,
    852 F. Supp. 1437 (N.D. Cal. 1994) ......................................................................3



1

*In re Pac. Enters. Secs. Litig.,*
   47 F.3d 373 (9th Cir. 1995) ........................................................................6, 10

2

3

*In re Petroleum Prods. Antitrust Litig.,*
   109 F.3d 602 (9th Cir. 1997) ............................................................................5

4

*Pinto v. Princess Cruise Lines,*
   513 F. Supp. 2d 1334 (S.D. Fla. 2007) ...........................................................11

5

6

*In re Rite Aid Corp. Sec. Litig.,*
   146 F. Supp. 2d 706 (E.D. Pa. 2001) ..............................................................12

7

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. Wash. 2003) ............................................................4, 14

8

9

*In re Synthroid Mktg. Litig.,*
   264 F.3d 712 (7th Cir. 2001) ..........................................................................11

10

*In re Synthroid Mktg. Litig.,*
   325 F.3d 974 (7th Cir. 2003) ..........................................................................11

11

12

*Van Vranken v. Atlantic Richfield Co.,*
   901 F. Supp. 294 (N.D. Cal. 1995) .................................................................12

13

*Vizcaino v. Microsoft Corp.,*
   142 F. Supp. 2d 1299 (W.D. Wash. 2001) ......................................................12

14

15

*Vizcaino v. Microsoft Corp.,*
   290 F.3d 1043 (9th Cir. 2002) .................................................................. *passim*

16

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*
   19 F.3d 1291 (9th Cir. 1994) .......................................................................9, 12

17

18

*Wing v. Asarco Inc.,*
   114 F.3d 986 (9th Cir. 1997) .............................................................................4

19

**STATUTES**

20

15 U.S.C. § 1681 *et seq.*.....................................................................................1

21

22

23

24

25

26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No. C08-0797-RAJ – iii



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    Pursuant to the Court's Order Preliminarily Approving Settlement and Providing For

2  Notice (dated June 8, 2009) (the "Preliminary Approval Order"), Class Counsel respectfully

3  submit this motion for entry of an order awarding attorneys' fees and expenses relating to their

4  prosecution of the claims by Representative Plaintiff, Linda Stoots Ewing ("Ms. Ewing"), acting

5  on behalf of herself and all Class Members in the above-titled action (the "Action"), against

6  Defendant Administrative Systems, Inc. ("Defendant").[1]

7                          **I.        PRELIMINARY STATEMENT**

8    Ms. Ewing filed this action against Defendant ASI on May 22, 2008.  The Complaint

9  alleged general negligence and a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

10  § 1681, *et seq*., after a desktop computer belonging to Defendant, containing certain personal

11  information about Ms. Ewing and approximately 550,000 other individuals, had been stolen on

12  or about December 27, 2007 (the "Data Breach").  Ms. Ewing and Class Counsel have succeeded

13  in reaching a proposed Settlement with Defendant that provides extensive benefits to Class

14  members.  As explained in detail below, the potential benefit – that is the value of the settlement

15  if every eligible Class member claimed all eligible benefits – exceeds $87 million, and even

16  assuming a low response rate, that is, even if only five percent of those eligible for credit

17  monitoring accept the offer, the actual benefits to Class members will exceed $3.2 million.

18    Settlement was achieved only after Class Counsel conducted an extensive pre-filing

19  investigation; completed an extensive review and analysis of the documents related to this

20  Action and relevant legal authority, filed a comprehensive complaint; and engaged in vigorous

21  arm's-length settlement negotiations.  Further, upon inquiry by the Court, certain aspects of the

22  settlement were revisited by the parties and an even greater benefit to the Class was achieved.

23  Loeser Decl., ¶¶ 3, 18-20.

24

25    [1] This Motion is based on the accompanying Declaration of Thomas E. Loeser in Support of Final Approval of
Settlement and Approval of Award of Attorneys' Fees and Expenses ("Loeser Decl."); the Amended Settlement

26  Agreement filed May 14, 2009 [Dkt. # 32] (the "Settlement"); all other pleadings filed in this case; and such
additional evidence or argument as may be presented at the hearing.

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 1

010053-11 326414 V1

1
2
3
4
5
6
7
8

Class Counsel prosecuted this Action on an entirely contingent basis and negotiated an exceptional settlement for the Class.  By leveraging Defendant's settlement resources through a claims administrator who itself provides the credit monitoring benefit and is carrying the risk of a high response rate and application for benefits, Class Counsel were able to ensure that every Class member who qualifies for and requests free credit protection is able to obtain it.  As a result, even though Defendant's out-of-pocket payments for the settlement are capped at $1.5 million, the actual value of the settlement to the Class is much, much higher.  Loeser Decl. ¶¶ 26-33.

9
10
11
12
13
14
15
16
17
18
19

If every eligible Class Member sought the benefits to which he or she is entitled, the value of the settlement would exceed $87 million in Class member benefits.  As compensation for the efforts expended, Class Counsel is applying for fees of $450,000, inclusive of $2,440.90 in expenses, plus $15,000 that is not drawn from the Settlement fund to cover post-settlement fees.  This constitutes well under 1% of the potential value of the Settlement; about 10% of the benefit should only 5% of those eligible actually seek benefits, and just 30% of the out-of-pocket costs of the settlement to Defendant.  *See id.*  The percentage fee is in line with the benchmark established by the Ninth Circuit.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989)).  The requested amount represents the total fees incurred in this litigation increased by a loadstar multiplier of just under 1.7.  Loeser Decl. ¶ 7.

20
21
22
23
24

Notice of Class Counsel's proposed fee application was sent to nearly 550,000 potential Class Members.  The deadline for Class Members to object was September 4, 2009.  To date, the Court has only received two objections (neither of which concern attorneys' fees) and 2,126 requests for exclusion, representing under four-tenths of one percent of those notified.  Loeser Decl. ¶ 8.

25
26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 2



010053-11  326414 V1

1

## II.    THE REQUESTED ATTORNEYS' FEES ARE FAIR AND REASONABLE

2

**A.    A Reasonable Percentage of the Benefits Conferred Upon the Class is an Appropriate Approach to Awarding Attorneys' Fees in Common Fund Cases**

3

4      Class Counsel seek a reasonable percentage of the common benefit recovered for the

5  Class.  The Ninth Circuit has expressly approved the percentage-of-recovery approach, and this

6  approach has become the prevailing method for awarding fees in common fund cases in the

7  Ninth Circuit.  *See, e.g.*, *Vizcaino*, 290 F.3d at 1047; *In re Omnivision Techs., Inc.*, 559 F. Supp.

8  2d 1036, 1046 (N.D. Cal. 2007).

9      The percentage method is desirable because it most fairly correlates the compensation of

10  counsel with the benefit conferred upon the class.  *See Omnivision*, 559 F. Supp. 2d at 1046

11  (citing authorities that describe the advantages of using the percentage method).  It aligns the

12  lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum

13  possible recovery in the shortest amount of time.  *Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir.

14  1986); *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1454 (N.D. Cal. 1994).  Further, it decreases

15  the burden imposed on courts by eliminating a detailed and time-consuming lodestar analysis

16  and assuring that the beneficiaries do not experience undue delay in receiving their share of the

17  settlement.  *See, e.g., Gerstein v. Micron Tech. Inc.*, 1993 U.S. Dist. LEXIS 21215, at *14 (D.

18  Idaho Sept. 10, 1993).  It is also consistent with the practice in the private marketplace where

19  contingent-fee attorneys are customarily compensated by a percentage of the recovery.

20

**B.    The Appropriate Measure of the Common Fund is the Value to Class Members, not the Cost to Defendant**

21      When a class action settlement creates a common fund or confers some other substantial

22  benefit on a class, the costs of the litigation, including an award of reasonable attorneys' fees, are

23  recoverable from the fund as a whole.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  It is

24  perhaps easiest in a common fund case to equate the cost of establishing the fund with the value

25  of the fund to Class Members.  However, in cases such as this one where the cost and value

26  diverge, the appropriate metric to use is the settlement value to Class Members, not the cost to

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 3



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1  defendant to procure the common benefits.  *See, e.g., Wing v. Asarco Inc.,* 114 F.3d 986, 990

2  (9th Cir. 1997) (holding that "the court must estimate the total value of the settlement" in

3  assessing the appropriate level for attorney's fees).  Plaintiff recognizes that "only in the unusual

4  instance where the value to individual class members of benefits deriving from injunctive relief

5  can be accurately ascertained may courts include such relief as part of the value of a common

6  fund for purposes of applying the percentage method of determining fees."  *Staton v. Boeing Co.*,

7  327 F.3d 938, 974 (9th Cir. Wash. 2003).  However here, the increase in value over the *costs* of

8  the benefits is not dependent upon a monetization of future promises to act or not act in a certain

9  way.  Instead, the exercise is much easier than assigning a value to injunctive relief because the

10  benefits at issue are not a promise not to do something, but instead the availability of a discreet

11  valuable service (credit monitoring) to all Class members who choose to accept it.

12       The divergence between value to Class members and cost to Defendant in this case is

13  significant for two reasons.  First, the claims administrator is also the provider of the tier one and

14  tier two credit monitoring benefits and has agreed to provide these benefits at wholesale, instead

15  of retail costs.  The retail cost of one-year of credit monitoring ranges from a low of about $50 to

16  a high of over $200.  *See* Loeser Decl., ¶ 26.  Most services are in the range of $75-$125.  *See id.*

17  The wholesale cost of these same benefits, in stark contrast, is about $12 per person per year.

18  Thus, assuming the mid-point of the retail range of $100, each claim for one year of credit

19  monitoring confers a $100 benefit at a cost to Defendant of just $12, an 8.33-1 ratio.  Loeser

20  Decl. ¶ 27.  Thus, on this basis alone, the value to Class Members of the settlement is over eight

21  times higher than it will cost Defendant to provide it.

22       Second, the claims administrator, by accepting a lump sum payment to cover all claims

23  for credit monitoring, has taken on the risk of a response rate that may vastly exceed prior

24  experiences.  That is, the administrator may expect and may have calculated his fee based upon a

25  10% response rate, but if 100% of eligible claimants seek the credit monitoring benefit, then

26  100% of them will get it.  As a result, Defendant has had to fund the settlement at the wholesale

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 4



010053-11  326414 V1

1   cost for only a small fraction of the actual credit monitoring benefits that are available to Class

2   members.  This acts as a compounding agent to the wholesale/retail divergence discussed above

3   and results in a value to Class Members that is potentially 50 times higher than the amount

4   Defendant has had to pay.  Loeser Decl. ¶ 28.

5       The maximum value of the settlement can be calculated simply by multiplying the

6   number of eligible Class members at each benefit level by the retail value of such benefit.  For

7   the Basic Monitoring Benefit ("BMB"), 323,544 Class members are eligible to claim one year of

8   free credit monitoring.  This benefit is not capped, so if every eligible person makes a claim, the

9   value available to the Class is $32,354,400.  For the Augmented Monitoring Benefit ("AMB"),

10  which is a second year of credit monitoring should unauthorized inquiries be made on any Class

11  member's credit, the retail value to Class members is again $100.  All 550,746 Class members

12  are eligible to receive the AMB and, as such, the value available to the Class is $55,074,600.

13  Finally, the third benefit tier is reimbursement for out-of-pocket expenses stemming from an

14  episode of identity theft.  The administrator will reimburse up to $100,000 in qualified expenses.

15  Loeser Decl. ¶¶ 29-31.

16      The resulting total value of the settlement available to Class members is $87,529,000.

17  The ultimate value to the Class will depend upon how many eligible persons request the

18  available benefits.  Even assuming a claim rate of just 5%, however, the value of the settlement

19  will be nearly $4.5 million.  Loeser Decl. ¶¶ 32-33.

20  **C.    The Fee Requested Here is Reasonable**

21      For attorneys' fees awarded under the percentage method, the Ninth Circuit has

22  repeatedly held that 25% of the settlement value is the appropriate benchmark.  *In re Petroleum*

23  *Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (collecting cases).  In view of the

24  litigation risks faced; the result achieved; the skill required and the quality of the representation;

25  and the overwhelming support of the Class – over 99.5%, based upon the opt-outs and objections

26  – an award of just 10% of a conservative 5% return value to the Class of the Settlement is



1   eminently justified.  But even if the Court were to look also at the cost of the common fund as an

2   informative benchmark, the fee requested is still within the range commonly approved.  Multiple

3   courts have approved fees representing 30% or more of common fund settlements.  *See, e.g., In*

4   *re Pac. Enters. Secs. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) (approving an award of 33 percent

5   of a $12 million settlement fund); *Mark v. Valley Ins. Co.*, 2004 U.S. Dist. LEXIS 20602, at *3-6

6   (D. Or. Oct. 6, 2004) (approving a 30% fee from a $282,000 settlement).

**D.      Consideration of the Relevant Factors Used by Courts in the Ninth Circuit Justifies
Class Counsel's Requested Fee Award**

The ultimate task for this Court in awarding attorneys' fees is to ensure that Class

Counsel is fairly compensated for the work they performed and the results they achieved.  Courts

in this Circuit consider the following factors:  (1) the results achieved; (2) the risks of litigation;

(3) the skill required and quality of work; (4) the contingent nature of the fee and financial

burden carried by the plaintiffs; (5) awards made in similar cases; (6) the reaction of the class to

the proposed fee and expense request; and (7) the amount of a lodestar cross-check.  *See*

*Omnivision*, 559 F. Supp. 2d at 1046; *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*,

2005 U.S. Dist. LEXIS 13627, at *28 (C.D. Cal. June 10, 2005); *Vizcaino*, 290 F.3d at 1048-50.

As discussed below, application of these factors here confirms that the requested fee is justified.

**1.      The results achieved**

As a result of Class Counsel's vigorous prosecution of the case and settlement

negotiations, Class Counsel succeeded in obtaining a settlement specifically tailored to redress

the potential harm to Class members flowing from the Data Breach.  The proposed Settlement

ensures that *every* Class member has received written notice of the Data Breach and the

opportunity to (a) obtain one year of free credit monitoring; or (2) get reimbursed for a portion of

the Class member's out-of-pocket expense if such Class member had already obtained credit



1   monitoring prior to receiving the Class Notice.[2]  It also provides a second full year of credit

2   monitoring to *any* Class member who has unauthorized credit inquiries as a result of the Data

3   Breach.  Finally, should any Class member suffer an incident of identity theft, he or she can

4   recover reimbursement for up to $2,500 of out-of-pocket expenses and take advantage of

5   Trilegiant's Identity Fraud Resolution Service.  This settlement creates immediate and valuable

6   benefits for the Class and avoids the substantial risks of not obtaining any recovery had the

7   Action been further litigated and lost on a motion to dismiss, on summary judgment, at trial or on

8   appeal.  Loeser Decl., ¶¶ 9-12.

9         The expense and length of continued proceedings necessary to prosecute the Action

10  through the motions to dismiss, discovery, trial and appeals would be substantial.  Ms. Ewing,

11  aided by Class Counsel, carefully considered the likelihood of success against Defendant, the

12  potential total damages that could be recovered against Defendant, as well as the uncertain

13  outcome and risk of any litigation, especially in complex actions such as this, and the difficulties

14  and delays inherent in such litigation.  Loeser Decl., ¶¶ 21-22.

15        The Settlement is consistent, in terms of the type of benefits, with other cases that have

16  concerned the theft of personal information.  However, unlike other cases where the entire

17  settlement value has been funded by the defendant and there are caps at each benefit level, here

18  *every* Class member who qualifies for and claims the BMB and AMB benefit will be able to

19  receive it.  The settlement obtained is thus a substantial achievement on behalf of the Class, and

20  weighs in favor of granting the requested fee.  *See Vizcaino*, 290 F.3d at 1050 n.5 (noting that

21  counsel's achievement of a "timely result" may support a fee request).

22

23

24        [2] Class Counsel recognizes that the reimbursement level at $50 is half of the retail value set forth *supra* of $100.
    This is not, however, an indictment of the Settlement or the retail value, but rather is a negotiated amount based

25  upon the fact set forth above that the wholesale cost to Defendant of each year of credit monitoring is just $12.  For
    reimbursement purposes, Defendant has agreed to pay over four times what the equivalent benefit would have cost

26  Defendant.

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 7



010053-11  326414 V1

1

2.      **Risks of litigation**

2           The risk that further litigation might result in plaintiffs not recovering at all is an

3  important factor in determining a fair fee award.  *See*, *e.g.*, *Omnivision*, 559 F. Supp. 2d at 1047;

4  *In re Washington Pub. Power Supply Sys. Sec. Litig.*, ("*WPPSS*"), 19 F.3d 1291, 1299-1301 (9th

5  Cir. 1994); *see also Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *44 ("The risks assumed

6  by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor

7  in determining counsel's proper fee award.").

8           Data breach cases are notoriously difficult to prosecute because Identity theft is rampant

9  and there are multitudes of sources through which a person's identity might be stolen.  Though

10  Plaintiff and Class Counsel believe that they would have prevailed on any motion to dismiss,

11  causation and, as such, standing could have been vigorously attacked by Defendant.  In addition,

12  because the Data Breach was the result of a criminal act by a presently unknown person, ASI's

13  ultimate liability for the Data Breach would also have been contentiously litigated.  Finally, the

14  scope of the FCRA, under which Plaintiff has brought her first claim, is subject to debate vis-à-

15  vis data loss due to theft.  Loeser Decl., ¶¶ 21-22.

16           Class Counsel achieved a valuable settlement for the Class in the face of these very

17  substantial risks.  Under these circumstances, the requested fee is fully justified.

18      3.      **The skill required and quality of the work performed**

19           The third factor to consider in determining what fee to award is the skill required and

20  quality of work performed.  "The 'prosecution and management of a complex national class

21  action requires unique legal skills and abilities.'"  *Knight v. Red Door Salons, Inc*., 2009 U.S.

22  Dist. LEXIS 11149, at *16 (N.D. Cal. Feb. 2, 2009) (citation omitted).  In the bold new horizon

23  of identity theft and data breach cases, such skills are even more important and difficult to

24  obtain.

25

26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 8



010053-11  326414 V1

1        Class Counsel are among the most experienced and skilled practitioners in national class

2    actions, and have a long and successful track record in such cases.[3]  Hagens Berman Attorney

3    Thomas E. Loeser spent years as a federal prosecutor and member of the Cyber and Intellectual

4    Property Crimes Section in Los Angeles.  His experience in data breach cases was an important

5    factor in the prosecution and successful resolution of this case.  Class Counsel Christopher L.

6    Brown, J. Mitchell Clark and Robert J. Wozniak, Jr. of Freed Kanner London & Millen, LLC

7    contributed additional valuable legal expertise and resources and were instrumental in

8    maintaining Class Counsel's relationship with Ms. Ewing.  From the outset, Class Counsel

9    engaged in a concerted effort to obtain the maximum recovery for the Class.  Through Class

10   Counsel's investigation and skillful work, they were able to plead detailed allegations and defend

11   these allegations in early and detailed settlement negotiations.  The fact that Class Counsel have

12   demonstrated a willingness and ability to prosecute other, similarly complex cases such as this

13   throughout trial and appeals was undoubtedly a factor that encouraged Defendant to engage in

14   settlement discussions, and added valuable leverage in the negotiations, ultimately resulting in

15   the recovery for the Class.  Loeser Decl., ¶¶ 41-43.

16       The quality and vigor of opposing counsel is also important in evaluating the services

17   rendered by Class Counsel.  *See, e.g.*, *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303,

18   1337 (C.D. Cal. 1977).  Defendant was represented by Foster Pepper PLLC, one of the largest

19   law firms in the Pacific Northwest and a prominent fixture in Seattle's legal landscape.  That

20   Class Counsel achieved this Settlement for the Class in the face of formidable legal opposition

21   further evidences the quality of their work.  Loeser Decl., ¶ 44.

22       **4.**    **The contingent nature of the fee and the financial burden carried by Class Counsel**

23       It is an established practice in the private legal market to reward attorneys for taking the

24   risk of non-payment.  *WPPSS*, 19 F.3d at 1299; *see also Omnivision*, 559 F. Supp. 2d at 1047

25

26       [3] *See* Class Counsels' firm resumes, attached as Ex. A to the Loeser Decl.

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 9

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1  ("The importance of assuring adequate representation for plaintiffs who could not otherwise

2  afford competent attorneys justifies providing those attorneys who do accept matters on a

3  contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee.") (citations

4  omitted).

5      Class Counsel received no compensation during the course of this Action and invested

6  more than $267,593 in fees and incurred expenses totaling $2,475 to obtain the Settlement for

7  the benefit of the Class.  In addition to the advancement of costs, lawyers working on the case

8  have forgone the business opportunity to devote time to other cases.  *See Vizcaino*, 290 F.3d at

9  1050.  Any fee award has always been at risk, and completely contingent on the result achieved

10  and on this Court's discretion in awarding fees and expenses.  Loeser Decl., ¶¶ 43-47.

11      **5.      Awards made in similar cases**

12      By any measure, Class Counsel seek a fee reasonable as tested by the Ninth Circuit's

13  25% benchmark for common fund cases.  As set forth above, when compared to the potential

14  value of the settlement to all Class members, the fee sought is under one-half of one percent.

15  Assuming only 5% of those eligible seek the uncapped benefits to which they are entitled, the fee

16  sought is still just 10% of the settlement value.  Even taking the most conservative approach to

17  valuation of the settlement, *i.e.*, looking at the cost to Defendant, the fees sought here at 30% are

18  still within reason.  Indeed, "in most common fund cases, the award exceeds [the 25%]

19  benchmark."  *Omnivision*, 559 F. Supp. 2d at 1047 (approving 28% fee award in securities class

20  action).[4]  *See also Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *15

21  (approving 30% fee award); *In re Pac. Enters. Secs. Litig.*, 47 F.3d at 379 (approving an award

22  of 33 percent of a $12 million settlement fund); *Mark v. Valley Ins. Co.*, 2004 U.S. Dist. LEXIS

23  20602, at *3-6 (approving a 30% fee from a $282,000 settlement).

24

25      [4] *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (surveying securities cases

26  nationwide and noting, "[t]his court's review of recent reported cases discloses that nearly all common fund awards range around 30%").

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 10

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1      In addition, many courts weigh the customary fee in the marketplace for non-class action

2  contingency cases as a significant measure in approving fees.  *See*, *e.g.*, *In re Synthroid Mktg.*

3  *Litig.*, 264 F.3d 712, 718 (7th Cir. 2001).[5]  And the Ninth Circuit recognizes that it may be

4  "probative" of what fee is reasonable.  *Vizcaino*, 290 F.3d at 1049.  Were this not a class action

5  case, the customary contingent fee would likely range between 30 and 40 percent of the

6  recovery.  *See, e.g. Kirchoff*, 786 F.2d at 323 (observing that 40% is the customary fee in tort

7  litigation).[6]  Under all of the circumstances present here, the fee sought is fair and reasonable.

8          **6.      Reaction of the Class supports the fees and expenses sought**

9      Nearly 550,000 Notices have been mailed to Class members.  To date, two objections

10  have been sent to the Court, and neither concern attorneys' fees.  Class Counsel do not know of a

11  single Class member who objects to the fee presently sought.  The small number of persons

12  requesting to be excluded from the Settlement further supports Class Counsel's fee request.

13  Loeser Decl., ¶¶ 48-49.  Just 2,126 persons, out of nearly 550,000 who were sent notices, have

14  requested to be excluded.  This constitutes less than four-tenths of one percent.

15      The small number of objectors (two) and the negligible number of requests for exclusion

16  to date further supports the requested award.  *See Omnivision*, 559 F. Supp. 2d at 1048

17  (approving 28% award, where there were few requests for exclusion and none of the objectors

18  raised concern about the fee request).

19

20

---

21      [5] *See also Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007) ("What should govern
22  such [fee]awards is not the essentially whimsical view of a judge, or even a panel of judges, as to how much is
   enough in a particular case, but what the market pays in similar cases") (citation omitted, brackets in original); *In re*
23  *Synthroid Mktg. Litig.*, 325 F.3d 974, 975 (7th Cir.  2003) ("[a] court must give counsel the market rate for legal
   services").

24      [6] *See*, *e.g.*, *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("in private
   contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for
25  between thirty and forty percent of any recovery"); *accord Blum v. Stenson*, 465 U.S. 886, 904 (1984) ("In tort suits,
   an attorney might receive one-third of whatever amount the plaintiff recovers.  In those cases, therefore, the fee is
26  directly proportional to the recovery.") (concurring opinion).

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 11

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

010053-11  326414 V1

7.      **The lodestar crosscheck confirms the reasonableness of the requested fee**

Although courts in this Circuit typically apply the percentage approach to determine attorneys' fees in common-fund cases, courts may use a lodestar analysis "as a cross-check on the percentage method."  *See Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1302 (W.D. Wash. 2001); *WPPSS*, 19 F.3d at 1296-98.  Here, such a "cross-check" confirms that the requested fee amount is reasonable.

In *Vizcaino*, the Ninth Circuit noted that:

> "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases.… This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases.…"  In common fund cases, "attorneys whose compensation depends on their winning the case [] must make up in compensation in the cases they win for the lack of compensation in the cases they lose.'"

290 F.3d at 1051 (quoting *WPPSS*, 19 F.3d at 1300).  There, the Ninth Circuit affirmed a fee awarded in this District that equaled 28% of the settlement fund and a lodestar multiplier of 3.65.  Indeed, "[m]ultipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation."  *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995); *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706 (E.D. Pa. 2001) (finding multipliers of 4.5-8.5 within the reasonable range).

Here, Class Counsel's lodestar is $267,593.40.  Loeser Decl., ¶¶ 38-39.  Class Counsel's request for an award of $450,000 from the settlement fund seeks a multiplier of less than 1.7.  This is far below the amounts courts have routinely held to be fair and reasonable.  *See, e.g.*, *Vizcaino*, 290 F.3d at 1051.

III.    **CLASS COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED FOR THE CLASS**

The Court-approved Notice, which was provided to nearly 550,000 potential Class members, informed them that Class Counsel intended to seek "fees and costs" incurred in the



1    prosecution of the Action of no more than $450,000.00.  The amount of expenses now sought is

2    $2,475.15 of that total.  No potential Class member has objected to Class Counsel's request for

3    expenses.  Loeser Decl., ¶¶ 50-53.

4         The appropriate analysis to apply in deciding whether expenses are compensable in a

5    common fund case of this type is whether the particular costs are of the type typically billed by

6    attorneys to paying clients in the marketplace.  *See*, *e.g.*, *Omnivision*, 559 F. Supp. 2d at 1048

7    ("Attorneys may recover their reasonable expenses that would typically be billed to paying

8    clients in non-contingency matters.") (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.

9    1994)).  The expenses which Class Counsel seek are the type of expenses routinely charged to

10   hourly paying clients.  Loeser Decl., ¶¶ 49-52.  These are the charges for computerized factual

11   and legal research services on Lexis-Nexis.  It is standard practice for attorneys to use online

12   research services, such as Lexis-Nexis, to assist them in researching legal and factual issues.  *See*

13   *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1996).  Indeed, courts

14   recognize that these tools create efficiencies in litigation and, ultimately, save clients and the

15   Class money.  *See id.* ("Given the complexity of the issues, this Court does not doubt that

16   computerized research played an essential role in the litigation at hand.").

17        In addition, Class Counsel incurred expenses associated with court admissions, filing

18   fees, messenger service and document printing.  Loeser Decl., ¶ 52.  The expenses in this

19   category are reasonable in amount, and are properly charged against the fund created.  *See*, *e.g.*,

20   *Omnivision*, 559 F. Supp. 2d at 1048 (approving of expenses relating to "photocopying, printing,

21   postage and messenger services, court costs, legal research on Lexis and Westlaw, experts and

22   consultants, and the costs of travel for various attorneys and their staff throughout the case").

23   These expenditures are reasonable and necessary to the prosecution of this Action, and Class

24   Counsel should be entitled to a full reimbursement of their costs.

25

26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 13

010053-11  326414 V1

## IV.   POST-SETTLEMENT FEES AND REPRESENTATIVE PLAINTIFF AWARD

To be paid from funds *in addition to* the funds necessary to provide the benefits under the Settlement, Defendant has agreed to pay Class Counsel $15,000 in post-settlement attorneys' fees and an award to Ms. Ewing of $10,000.  These sums will not reduce the benefits available to Class members under the Settlement and are reasonable.

The $15,000 post-settlement fee payment will compensate Class Counsel for their time and expenses expended after final approval, should such approval be granted.  As the benefits under the settlement will be available to Class members for several years, Class Counsel expects to be providing assistance and advice to Class members on an ongoing basis.  There will be no mechanism for recovering any such fees from the Settlement fund.

Ms. Ewing's involvement in this Action required considerable time reviewing the complaint and other documents, fielding questions from Class Counsel, and conferring with Class Counsel during the course of litigation and with regard to settlement.  She is entitled to reasonable compensation for her time and effort and for reaching a successful resolution on behalf of a class of over 550,000 persons.  Loeser Decl., ¶ 54.  *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (holding that "… named plaintiffs … are eligible for reasonable incentive payments. The district court must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, … the amount of time and effort the plaintiff expended in pursuing the litigation … and reasonabl[e] fear[s of] workplace retaliation.'").

Ms. Ewing's actions included researching and contacting appropriate counsel, providing extensive personal information and providing input into the prosecution and settlement of the case.  As set forth above, the benefit conferred on Class members is substantial and directly addressed to prevent the possible harm caused by the Data Breach.  Ms. Ewing has spent over 50 hours directly involved in the prosecution and resolution of this matter.  *See* Declaration of



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1  Brenda Stoots Ewing, ¶¶ 2-3. The award sought is well within the range of such awards typically

2  made in nationwide class action lawsuits and will not reduce the funds available to procure the

3  benefits to the Class.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.

4  2000) (approving incentive awards of $5,000 each to the two class representatives of just 5,400

5  potential class members in a settlement of $1.725 million); *Cook v. Niedert*, 142 F.3d 1004, 1016

6  (7th Cir. 1998) (approving payment of a $25,000 award to representative plaintiff); *Ingram v.*

7  *Coca-Cola Co.*, 200 F.R.D. 685 (N.D. Ga. 2001) (approving incentive award payments of

8  $300,000 per representative, and $3,000 per non-representative class member who provided

9  affidavit).

10                             **V.      CONCLUSION**

11         From the beginning of this litigation, Ms. Ewing and Class Counsel have faced

12  determined adversaries represented by experienced counsel.  With no assurance of success, Ms.

13  Ewing and Class Counsel pursued the Action, and successfully obtained a Settlement for the

14  benefit of the Class.  The Settlement reflects Class Counsel's efforts in the face of significant

15  risk.  Accordingly, Class Counsel respectfully submit that the Court should approve the fee and

16  expense application and enter the proposed Order submitted herewith awarding Class Counsel

17  $450,000 in fees and expenses, and for $15,000 in post-settlement fees and expenses and an

18  award of $10,000 to Ms. Ewing, to be paid by Defendant in addition to the payments necessary

19  to procure the Settlement benefits to the Class.

20         Dated: September 9, 2009

21                             HAGENS BERMAN SOBOL SHAPIRO LLP

22

23                             By:  _s/ Thomas E. Loeser_____
                                    Anthony D. Shapiro, WSBA #12824
24                                  Thomas E. Loeser, WSBA #38701
                               1301 Fifth Avenue, Suite 2900
25                             Seattle, Washington  98101
                               Telephone:  (206) 623-7292
26                             Facsimile:   (206) 623-0594



tony@hbsslaw.com
toml@hbsslaw.com

Steven A. Kanner
Douglas A. Millen
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:(224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

J. Mitchell Clark
**LAW OFFICES OF J. MITCHELL CLARK**
Mail Address:
P.O. Box 2701
Corpus Christi, TX 78403
Telephone: (361) 887-8500
Facsimile:  (361) 882-4500
Mitchell@txverdict.com

Physical Address:
Frost Bank Plaza, Suite 2100
802 N. Carancahua
Corpus Christi, TX 78470

Christopher L. Brown
**LAW OFFICE OF**
**CHRISTOPHER L. BROWN**
7518 Enterprise Ave.
Memphis, TN  38138
Telephone:(901) 759-3900
Facsimile: (901) 751-1135
chris@clbrownlaw.com

Attorneys for Plaintiff and the proposed Class

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 16



010053-11 326414 V1

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on September 9, 2009, I electronically filed the foregoing document

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the e-mail addresses registered, as denoted on the following **Electronic Mail Notice List**.

5

6

 /s/ Thomas E. Loeser

7

THOMAS E. LOESER
1301 Fifth Avenue, Suite 2900

8

Seattle, WA 98101
Telephone: (206) 623-7292

9

Facsimile: (206) 623-0594
toml@hbsslaw.com

10

11

**ELECTRONIC MAIL NOTICE LIST**

12

- **Christopher L. Brown**

13

  chris@clbrownlaw.com
- **Mitchell J. Clark**

14

  mitchell@txverdict.com
- **Christopher G. Emch**

15

  emchc@foster.com,pateb@foster.com
- **Tim J. Filer**

16

  FileT@Foster.com,HoweJ@Foster.com
- **Gavin C. Gaukroger**

17

  gaukg@foster.com,salee@foster.com
- **Emanuel Fraser Jacobowitz**

18

  jacoe@foster.com,hickc@foster.com
- **Thomas E. Loeser**

19

  TomL@hbsslaw.com,dawn@hbsslaw.com
- **Douglas A. Millen**

20

  dmillen@fklmlaw.com

21

- **Anthony D. Shapiro**
  tony@hbsslaw.com,laurie@hbsslaw.com,dawn@hbsslaw.com

22

- **Robert J. Wozniak**
  rwozniak@fklmlaw.com

23

24

25

26

MOTION FOR AN AWARD OF ATTORNEYS'
FEES & FOR REIMBURSEMENT OF COSTS
Case No.  C08-0797-RAJ – 17



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594