The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA STOOTS EWING, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br> v.<br><br>ADMINISTRATIVE SYSTEMS, INC.,<br><br>         Defendant. | No. C08-0797 RAJ<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, APPROVING AWARD OF FEES AND COSTS, DISMISSING CLAIMS WITH PREJUDICE, AND DIRECTING ENTRY OF JUDGMENT** |

   This matter comes before the court on a motion (Dkt. # 41) for final approval of a settlement in this class action, and a motion (Dkt. # 42) for payment of class counsel's fees and expenses along with an incentive payment to Plaintiff Brenda Stoots Ewing. Although Defendant Administrative Systems, Inc. ("ASI"), supplemented those motions with additional information, it does not oppose any of the relief requested. For the reasons stated below and in the court's prior orders, the court GRANTS both motions subject to the conditions stated below, and directs the clerk to enter judgment dismissing this action with prejudice.

   The court heard from the parties at a September 23, 2009 hearing regarding these motions. Because the court had already addressed the form and substance of the settlement agreement in several prior orders, culminating in its June 8, 2009 preliminary approval order, the most recent hearing focused on input from five potential settlement class members who submitted their concerns about the settlement in writing to the court.

FINAL APPROVAL ORDER - 1
Case No. C08-0797 RAJ

1    The court emphasizes that it has carefully considered each of the five submissions from
2 potential class members.  Far too often, those affected by class action settlements do not provide
3 any input to the court or to class counsel.  In this case, five people not only submitted material to
4 the court, but their input was of substantial value to the court as it considered final approval of
5 the parties' settlement.

6    Geri Truszynski from Wisconsin wrote to express her concerns about Trilegiant
7 Corporation serving as the claims administrator.  She noted that media reports detailed
8 accusations that Trilegiant had improperly billed some of its credit monitoring customers.  She
9 asked the court to appoint a different claims administrator, and noted her mistrust of Trilegiant.
10 The court has no jurisdiction to investigate the claims against Trilegiant, and suggests no opinion
11 on what practices Trilegiant might or might not have engaged in with its customers.  The court
12 insists, however, that the benefits awarded in this settlement come without burdens or potential
13 financial pitfalls for class members.  Accordingly, at the September 23 hearing, the court
14 discussed Ms. Truszynski's concerns with counsel for both parties.  As a result, ASI's counsel
15 worked with Trilegiant to obtain the following two assurances.  First, although this settlement
16 does not require class members to give Trilegiant financial information that could be used to
17 automatically renew credit monitoring at class members' expense, Trilegiant has agreed that it
18 will not in any way attempt to impose expense on class members by billing them for unrequested
19 renewal of the credit monitoring it provides in this settlement.  Second, as an additional
20 safeguard for class members' privacy, Trilegiant has confirmed that it will in no way share the
21 names, addresses, or other identifying information for any class members with any other persons
22 or entities.  The court appreciates Trilegiant's cooperation, and makes these two agreements an
23 enforceable part of the settlement.

24   Mike and Marie Randall from Florida wrote that they believed that the credit monitoring
25 that the settlement provides should extend longer.  At the September 23 hearing, counsel noted
26 that even if class members' information had fallen into the hands of someone who wished to

misuse it, it is quite unlikely that he or she would wait for several years after they acquired the information to misuse it.  Thus, class counsel focused their efforts on making credit monitoring available to all persons affected by the ASI data breach for one year, with an additional year of monitoring in the event the first year of monitoring revealed cause for concern.  Although this may not be a perfect solution, the court is satisfied that the duration of the credit monitoring services that the settlement makes available is a reasonable compromise of the parties' claims.

Joshua Abrams from California wrote that he was disappointed that the settlement would not reimburse him for time he spent monitoring his own credit in the wake of the data breach, and also that Trilegiant did not provide a postage-paid envelope for him to return his claim form.  As to the second issue, the court notes that the claim submission material advised Mr. Abrams that he could submit his claim online to avoid the cost of postage.  Unfortunately, with more than half a million class members, the cost of return postage for each of them would have substantially reduced the other benefits for class members.  As to the first issue, ASI did not agree to reimburse class members for time spent protecting their own credit.  Again, the court understands that some class members might have preferred a better result, but each class member had the right to opt out of the class and the settlement.  The settlement the parties reached is, in the court's view, a fair compromise.  The court wholly respects, however, that Mr. Abrams disagrees.

Candyce Conley from Washington wrote that in the wake of the notice of the ASI data breach and another similar notice of a data breach from one of her health care providers, she has experienced a great deal of emotional distress.  She requested an additional payment, but she did not timely opt out of the class.  As the court has already noted, the settlement does not provide for additional payments to any class member.  The only option for a class member like Ms. Conley who does not believe that the settlement offers a reasonable benefit is to opt out of the settlement class.  Ms. Conley did not submit a timely request to opt out.  However, because her objection to the court was submitted by the opt-out deadline, and because it clearly expresses a

FINAL APPROVAL ORDER - 3
Case No. C08-0797 RAJ

desire not to accept the settlement benefit, the court construes her submission as a timely opt-out request. Defendant's counsel shall ensure that she is added to the list of persons who have opted out. In making this accommodation, the court in no way suggests that Ms. Conley's request for additional compensation has merit, it simply provides her an opportunity to pursue additional compensation if she chooses.

Finally, Michelle Sites of Pennsylvania wrote that she received notice of the settlement at her home address, but the notice was directed to a Pamela Triplet. She investigated the situation and discovered that because she and Ms. Triplet have a similar social security number, ASI has associated Ms. Sites' address with Ms. Triplet's name. Unfortunately, the court ascertained at the September 23 hearing that ASI does not have another address for Ms. Triplet. Nonetheless, to the extent possible, the parties agreed to extend the benefits available in the settlement to Ms. Sites and Ms. Triplet (if she can be located). ASI's counsel shall work with the claims administrator to execute this agreement.

Having addressed the input the court received from class members, the court turns to the final approval of the settlement. The court will approve the settlement for the reasons stated below and in its prior orders. The court also notes that the parties' counsel ably addressed remaining concerns about the settlement at the September 23 hearing. The court grants class counsel's request for payment of attorney fees of $450,000, which includes all pre-approval expenses. The court also approves counsel's request for an additional $15,000 expense payment, to be paid by ASI separately from settlement proceeds. Finally, the court approves an incentive payment of $10,000 to Ms. Ewing.

The remainder of this order reproduces the parties' proposed order, except in the following respects. The court omitted the parties' unnumbered introductory paragraphs in favor of the preceding discussion. The court inserted monetary amounts in paragraph 14 in accordance with the preceding discussion. The court modified language in paragraph 7 to reflect the imposition of conditions related to Ms. Truszynski, Ms. Conley, Ms. Triplet, and Ms. Sites.

FINAL APPROVAL ORDER - 4
Case No. C08-0797 RAJ

Finally, the court modified the language in paragraph 5 to reflect the claims administrator's submission of an updated list of persons who have opted out of the settlement.

Class counsel shall ensure that a copy of this order is mailed or otherwise provided to Ms. Truszynski, the Randalls, Mr. Abrams, Ms. Conley, and Ms. Sites.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this matter and all claims asserted in the Action against ASI. The Court has personal jurisdiction over the settling parties, including Settlement Class Members, and subject matter jurisdiction to approve the Amended Settlement Agreement and the settlement.

2. The Court has reviewed the form, content, and method of dissemination of the Notice given to the Settlement Class of the proposed settlement and their rights to opt out of the settlement or object to the terms of the Amended Settlement Agreement. Notice has been properly given as required by the Preliminary Approval Order, the Class Action Fairness Act, 28 U.S.C. § 1715, and Fed. R. Civ. P. 23(e).

    a. Notice of the proposed settlement and the Final Fairness Hearing required by the Class Action Fairness Act, 28 U.S.C. § 1715, was provided as required by statute and by the Preliminary Approval Order.

    b. Notice of the Amended Settlement Agreement and the Final Fairness Hearing was provided to the potential Settlement Class Members as ordered by the Court in its Preliminary Approval Order. The Claims Administrator mailed the Notice to the last known addresses for the Settlement Class Members. ASI had previously mailed one or more notices to the potential members of the Settlement Class and, in doing so, had updated the address information reflected in its records. The Claims Administrator again updated the addresses before providing the Notice, further demonstrating that mailing the Notice was the best notice practicable under the circumstances. In addition, ASI posted the Notice and the Amended

Settlement Agreement on a website, http://incident.asibpi.com, that it had established previously to provide information and assistance to the Settlement Class Members.

    c. The Notice provided the potential Settlement Class Members with the time and information necessary to make an informed decision about whether to participate in the settlement and constituted due and sufficient notice of the Amended Settlement Agreement and of the Final Fairness Hearing.

    d. The form, content, and method of dissemination of the Notice comport with all the requirements of Fed. R. Civ. P. 23 and state and federal standards of constitutional due process as the best notice practicable under the circumstances of this case.  The Notice is accurate and informed potential Settlement Class Members of the claims and defenses asserted in the Action, the reasons for the settlement, their rights to opt out of or object to the settlement and the effect on the Settlement Class Members' legal rights if the Judgment becomes Final and the Effective Date occurs with regard to the Amended Settlement Agreement.

  3. The potential Settlement Class Members were provided a full opportunity to participate in the Final Fairness Hearing and all Settlement Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that all of the potential Settlement Class Members, except those who timely and properly excluded themselves from the Settlement Class, are Settlement Class Members and are bound by the Amended Settlement Agreement and this Judgment.

  4. The Settlement Class (as defined in the Preliminary Approval Order) is granted final certification for settlement purposes.  The following Persons are members of the Settlement Class:

> All Persons, information as to whom is included in the Class Information, or who have or could have a right or interest as to such information derived from or arising out of a right or interest of such Persons.  Excluded from the definition of the Settlement Class are (i) ASI and its officers and directors; (ii) the Court presiding over any motion to approve this Settlement Agreement; and (iii) those Persons who timely and validly requested exclusion from the Class.

FINAL APPROVAL ORDER - 6
Case No. C08-0797 RAJ

5.      Those persons who timely requested to be excluded from the Settlement Class are identified on a list attached to the September 25, 2009 declaration of the Claims Administrator (Dkt. # 49) (the "Opt-Outs").  The Opt-Outs are not bound by the Amended Settlement Agreement or by this Judgment, and shall not receive any benefits under the Amended Settlement Agreement.

6.      The Court grants final approval to the settlement and finds that it is fair, adequate, and reasonable, and in the best interests of the Settlement Class as a whole.  The parties entered into the Amended Settlement Agreement in good faith.  The Representative Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Action and the settlement set forth in the Amended Settlement Agreement.  The Amended Settlement Agreement is the product of arm's-length, serious, informed, and non-collusive negotiations between Class Counsel and counsel for ASI.  The parties engaged in lengthy and detailed settlement discussions that included the exchange of information concerning the investigation into the theft of ASI's computer, the content of the Class Information, the response of affected individuals to the Pre-Litigation Notice and the Pre-Litigation Offer, and Class Counsel's investigation of the facts giving rise to the allegations made in the Action.  Class Counsel and counsel for ASI are knowledgeable and experienced in class action litigation and in the subject matter involved in this case.

7.      Representative Plaintiff, ASI, and Settlement Class Members shall consummate the settlement according to the terms of the Amended Settlement Agreement.  The Amended Settlement Agreement and any additional conditions imposed in this order or any other order of the court shall be deemed incorporated to this Judgment as if explicitly set forth within it and shall have the full force and effect of an order of this Court.

8.      The Released Claims of Representative Plaintiff and each Settlement Class Member are hereby extinguished as against ASI and the Related Entities.  Representative Plaintiff and each Settlement Class Member shall be and hereby are conclusively deemed to have

fully, finally, and forever released, relinquished, and discharged all Released Claims against ASI and the Related Entities upon the terms and conditions provided in the Amended Settlement Agreement, including that, with respect to any and all Released Claims, upon the Effective Date Representative Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Amended Settlement Agreement and the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and also any and all provisions, rights, and benefits conferred by any statute, regulation or ordinance of the United States or any state, district, or territory of the United States, or political subdivision thereof, or principle of common law including but not limited to that set forth in *Jackson v. Miller*, 776 S.W.2d 115, 118 (Tenn. Ct. App. 1989), which is similar, comparable, or equivalent to California Civil Code § 1542.  Settlement Class Members, including the Representative Plaintiff, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiff expressly shall have, and each other Settlement Class Member shall be and hereby are conclusively deemed to have fully, finally, and forever settled and released any and all Released Claims.  ASI and the Representative Plaintiff expressly have, and each other Settlement Class Member shall be and hereby are conclusively deemed to have, acknowledged that the foregoing waiver is a material element of the settlement of which this release is a part.

9. This release is binding and effective on each Settlement Class Member and any of their predecessors, successors, partners, parents, subsidiaries, affiliates, subrogees, custodians,

agents, assigns, representatives, marital communities, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in any Released Claim, including Unknown Claims.

10. Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any proceedings in this or any other forum (other than participation in the settlement as provided in the Amended Settlement Agreement and this Judgment) asserting any of the Released Claims against ASI or any of the Related Entities.

11. ASI shall be and hereby is conclusively deemed to have fully, finally, and forever released, relinquished, and discharged, Representative Plaintiff and Class Counsel from claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Action, except for enforcement of the Amended Settlement Agreement as to such matters as pertain to each of them.

12. None of the following: this Judgment, the Preliminary Approval Order, the Memorandum of Understanding, the original Settlement Agreement, the Amended Settlement Agreement, the settlement, any act performed or document executed pursuant to or in furtherance of the original or Amended Settlement Agreement or the settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing, fault, omission, or liability of ASI, any of the Related Entities, Representative Plaintiff, or any of the Settlement Class Members. The Memorandum of Understanding, the original Settlement Agreement the Amended Settlement Agreement, the Preliminary Approval Order and this Judgment and any related document, proceeding, action, report, or account, shall not be offered or received into evidence in any civil, criminal, or administrative proceeding, other than proceedings that may be necessary to enforce the Amended Settlement Agreement, the releases granted in the Amended Settlement

Agreement, or this Judgment, or in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Class Action Complaint and all the claims alleged in the Action are hereby dismissed with prejudice.

14. The Court hereby awards attorneys' fees in the amount of $450,000, an amount that includes pre-approval expenses. The court awards an additional $15,000 for post-approval expenses, to be paid by ASI from funds separate from the settlement fund. The court awards an incentive payment of $10,000 to class representative Brenda Ewing. The Claims Administrator shall pay the attorney fees, costs, expenses, and ASI shall pay the Representative Plaintiff award and the post-settlement attorney fee to Class Counsel as provided in the Amended Settlement Agreement.

15. The Claims Administrator is authorized and directed to disburse benefits to qualifying Settlement Class Members pursuant to the Amended Settlement Agreement.

16. All checks issued by the Claims Administrator to Settlement Class Members as reimbursement for purchasing Alternative Credit Monitoring or under a Benefit Claim for Identity Theft Reimbursement shall be valid for a period limited to ninety (90) days after the checks are issued, after which date those checks shall be void and will not be subject to being cashed or honored. Following the expiration of that 90 day period, the Claims Administrator shall not pay or honor such checks. These checks shall state on their face this limited period of validity.

17. The Claims Administrator is authorized to pay Benefit Claims as provided in the Amended Settlement Agreement. No Person shall have any claim against ASI, ASI's counsel, the Claims Administrator or Class Counsel, based on distributions of benefits made substantially

1 in accordance with the Amended Settlement Agreement and the settlement contained herein, or
2 further order(s) of the Court.

3   18. Without affecting the finality of this Judgment in any way, this Court retains
4 continuing jurisdiction over the parties, including ASI, Representative Plaintiff, the Claims
5 Administrator and the Settlement Class for the administration, consummation, and enforcement
6 of the terms of the Amended Settlement Agreement.

7   19. If the Effective Date does not occur, as provided in the Amended Settlement
8 Agreement, this Judgment and all orders entered in connection with the settlement shall be
9 vacated and null and void, the Parties shall return to their respective litigation positions as of the
10 date immediately preceding the entry of the Preliminary Approval Order, and the Court shall
11 issue a new case scheduling order after conducting a status conference with the parties.

12   IT IS SO ORDERED.

13   Dated this 30th day of September, 2009.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

FINAL APPROVAL ORDER - 11
Case No. C08-0797 RAJ